HALE et al. v. McMURREY, County Judge, et al. (No. 1873.)

Court of Civil Appeals of Texas. Beaumont. Nov. 1, 1929.

Rehearing Denied Nov. 13, 1929.

Gates & Cox, of Huntsville, for appellants.
Wm. McMurrey, of Cold Springs, for appellees.

HIGHTOWER, C. J. This is a controversy over school matters in San Jacinto county. The appellants here initiated the controversy by presenting to Hon. J. M. Manry, judge of the Ninth judicial district, on December 20, 1928, their petition for a temporary injunction, and Judge Manry made an order setting the matter down for hearing on January 19, 1929, but it was not heard at that time, but was postponed until March 18, 1929, on which date Judge Manry dismissed the suit for want of jurisdiction in his court to entertain it.

There is no question of pleading, as such, presented by this record, and therefore a brief statement of the nature of the controversy will suffice. Appellants alleged in their petition for injunction that they were the duly qualified and acting trustees of Camilla independent school district of San Jacinto county, and named as defendants Hon. William McMurrey, county judge and ex officio superintendent of public free schools of San Jacinto county, and the county board of school trustees of San Jacinto county and certain other persons who, the petition alleged, were claiming the authority to act as trustees of the Cold Springs rural high school district No. 1 of San Jacinto county and the Cold Springs State Bank.

As grounds for the writ of injunction sought by them, they alleged substantially the following: That on November 2, 1928, a purported election was held in the Camilla independent school district and the Cold Springs independent school district and three other common school districts in San Jacinto county for the purpose of determining whether the Camilla independent school district and the three common school districts should be annexed to the Cold Springs independent school district for high school purposes, with a view to forming and establishing what should be known and called the Cold Springs rural high school District No. 1 of San Jacinto county, and that the election so held resulted in favor of the annexation, but that the vote in the Camilla independent school district was against the annexation by a large majority. Appellants further alleged that they, as trustees and citizens of the Camilla independent school district, did not consent to the holding of the election for the purpose of determining whether the aforesaid annexation should take place, and that they were opposed to the contemplated annexation, stating in minute detail their reasons for such opposition, and stating the facts upon which they claimed that such annexation would be detrimental to the Camilla independent school district, and also stating

facts which they alleged rendered the election null and void.

Appellants then alleged that on November 10, 1928, the county board of school trustees of San Jacinto county made an order declaring in effect the establishment and creation of the Cold Springs rural high school district, and that seven persons, naming them, were claiming to be the duly elected and qualified trustees of the Cold Springs rural high school district, and claiming the authority and power to control and supervise all the schools and school affairs in such rural high school district. The petition stated several grounds which appellants claim rendered the formation of the rural high school district unlawful, but, since most of these grounds of attack have been waived by appellants in this court, we shall confine our further statement of this case and disposition of it to the grounds now relied upon by appellants for reversal of the order of dismissal which was entered by Judge Manry.

Appellants alleged in substance that at the time the election was held on November 2, 1928, for the purpose of determining whether the annexation of the several districts hereinabove named should take place, the Cold Springs independent school district (the nuclear district) had less than 250 scholastic population, and that therefore the county board of school trustees of San Jacinto county had no lawful authority, and were without lawful power, to create and establish the Cold Springs rural high school district by annexing to the Cold Springs independent school district the Camilla independent school district and the three common school districts named in the petition, and that the order of the county board of school trustees of San Jacinto county, made on November 10, 1928, declaring and establishing the Cold Springs rural high school district, was null and void and of no legal effect whatever, and that the defendants who were claiming the authority to act as lawful trustees of the Cold Springs rural school district had no lawful authority to so act, and had no authority to in any manner interfere with the school affairs and management and supervision of the schools in the Camilla independent school district or to in any manner interfere with appellants in their capacity as trustees of the Camilla independent school district in supervising, managing, conducting, and controlling the school affairs of that district.

Appellants alleged substantially that, at the time of the purported annexation of the several districts, as stated above, the Camilla independent school district had on hand as available school funds, composed of state and local funds belonging to the district, approximately $2,000, and that there was a bonded outstanding indebtedness against the Camilla independent school district of about $12,000; that at that time the Cold Springs independent school district had an outstanding bonded indebtedness against it of about $8,000.

Appellants further alleged in substance that immediately after the county board of school trustees of San Jacinto county had, on November 10, 1928, entered an order declaring and establishing the Cold Springs rural high school district No. 1, the seven persons who claimed to have been elected and qualified as the trustees of that district commenced to assume the control and management of all the schools in the several districts that were annexed, as before shown, and that these seven purported trustees were threatening to and had in fact taken complete charge of the school affairs and schools of the Camilla independent school district, and had ignored, and were still ignoring, appellants as the trustees of that district, and denying and disputing their authority to supervise, control, and manage the school affairs of that district; that these seven persons, purporting to act as trustees, had without lawful authority taken charge of the cash funds of the Camilla independent school district, and had caused these funds to be taken from the control and possession of appellants, and had placed these funds, or caused these funds to be placed, in the Cold Springs State Bank as the county depository of San Jacinto county, and that these purported trustees were claiming the right to and were in fact drawing vouchers against these funds in the Cold Springs State Bank and causing them to be expended unlawfully without the consent and over the protest of appellants as citizens and trustees of the Camilla independent school district; that a considerable amount of these funds belonging to the Camilla independent school district had been in fact expended by these purported trustees, and that, unless they were enjoined from further expenditure of these funds, they would be depleted, and Camilla independent school district would thereby be deprived of the use of these funds, and that appellants would be rendered unable to carry on and conduct the schools, as they had a lawful right to do, in the Camilla independent school district; that these purported trustees were threatening to remove the school furniture and fixtures that were placed in the school buildings in the Camilla independent school district, and that they had in fact removed from these school buildings much of the furniture and paraphernalia belonging to the Camilla independent school district, and that, unless enjoined, they would take possession of and remove all of the school effects, furniture, and paraphernalia of the Camilla independent school district, all of which was wholly unauthorized and in violation of law, and would result in irreparable injury to the Camilla independent school district.

The prayer contained in appellants' petition was quite lengthy, and the nature of the writ sought was both prohibitory and mandatory, that is, they sought to prohibit further interference with their management and control of the school affairs of the Camilla in-

dependent school district, and also prayed that the funds that had been taken from the district be returned to that district as well as the school furniture that had been removed from the buildings of that district, and also that the Cold Springs rural high school district be declared to be of no legal existence or authority, etc.

All defendants, before the matter was reached for hearing by Judge Manry, answered by what they termed a plea in abatement, but which in effect was a plea to the jurisdiction of Judge Manry or the district court to grant any relief as prayed for by appellants, for the reason, as defendants pointed out and alleged, appellants did not appeal from the order of the county board of school trustees of San Jacinto county made November 10, 1928, forming and establishing the Cold Springs rural high school district No. 1, and that, therefore, an independent action such as this for injunction could not be heard or entertained by the district court, but should be dismissed. Upon the consideration of the pleadings, Judge Manry held that he was without jurisdiction to entertain this suit for injunction, for the reason that appellants failed to appeal in due time from the order of the county board of school trustees of San Jacinto county establishing the Cold Springs rural high school district No. 1, and accordingly entered his order dismissing appellants' petition for injunction for want of jurisdiction, and from that order this appeal has been duly prosecuted.

Now the only contention advanced for reversal by appellants is in substance that since their petition, which was duly verified, showed upon its face that the Cold Springs rural high school district No. 1 had no lawful existence, for the reason that their petition expressly showed that the Cold Springs independent school district (the nuclear district) had less than 250 scholastic population, and since their petition also expressly showed that they, as trustees of the Camilla independent school district, had not consented to the annexation of that district and the several common school districts to the Cold Springs independent high school district for rural high school purposes, their petition showed a cause of action, and it was erroneously dismissed for want of jurisdiction.

As we gather from the brief of learned counsel for appellees in this case, he does not controvert this legal proposition advanced by counsel for appellants, but he does strenuously contend by three counter propositions, which, in effect, raise the same point, that, because appellants did not appeal from the order of the county board of school trustees of San Jacinto county dated November 10, 1928, establishing the Cold Springs rural high school district to the higher school authorities or to the district court, they had no standing in the district court for the writ of injunction as they were here seeking, and that Judge Manry was correct in sustaining appellees' plea to the jurisdiction of the court.

If it be true, as alleged in appellants' petition, that the Cold Springs independent school district (the nuclear district in this case) had less than 250 scholastic population at the time the Cold Springs rural high school district No. 1 was formed by the annexation of the other districts hereinbefore named, and if appellants, trustees of the Camilla independent school district, did not consent, but protested against the annexation of such districts for rural high school purposes, then the county board of school trustees of San Jacinto county were without lawful authority and power to create and establish the Cold Springs rural high school district No. 1, and that claimed district would have no legal existence; nor would the seven persons who were selected as trustees of that district be authorized to in any manner interfere with the trustees (appellants here) of the Camilla independent school district in the conduct, control, and management of the school affairs and finances of that district. Article 2922a, Complete Tex. St. 1928. In other words, appellants' petition contained statements of facts which, if true, showed that the Cold Springs rural high school district No. 1 was formed and created by the county board of school trustees of San Jacinto county without lawful authority on their part, and that the other defendants here who were claiming to act as trustees of that rural high school district had no power or authority to so act, and no power or authority to interfere with the supervision, control, or management of the school affairs of the Camilla independent school district by appellants, its trustees; and, being without such power or lawful authority, according to appellants' petition, the attempt on the part of these seven trustees of the Cold Springs rural high school district to interfere with the control and management of the school affairs of the Camilla independent school district was a matter within the jurisdiction of the district court, as we understand the authorities of this state, and Judge Manry was in error in dismissing appellants' suit for want of jurisdiction.

No useful purpose would be served by a lengthy discussion of this question, and a citation of authorities will suffice. Board of School Trustees v. Wilson (Tex. Civ. App.) 15 S.W.(2d) 144; Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501; Warren et al. v. Sanger Independent School District, 116 Tex. 183, 288 S. W. 159; City of Dallas v. Mosely (Tex. Civ. App.) 286 S. W. 497; County School Trustees v. Stiff (Tex. Civ. App.) 190 S. W. 216, 217; Adams v. Miles (Tex. Civ. App.) 300 S. W. 211. The last-cited case is squarely in point, notwithstanding Acts 40th Leg., 1927, c. 83, § 1, amending Rev. St. 1925, art. 2686.

The order by the district court dismissing

this suit for want of jurisdiction is reversed, and the cause remanded to that court for disposition not inconsistent with this opinion.