## COUNTZ et al. v. MITCHELL et al.

### No. 9467.

Court of Civil Appeals of Texas. Galveston.
March 14, 1930.

On Rehearing June 24, 1931.

J. S. Bracewell, of Houston, for appellants.

M. E. Gates and Dean & Humphrey, all of Huntsville, for appellees.

PLEASANTS, C. J.

This appeal is from an order of the court below denying a temporary injuction in a suit for injunction brought by appellants against appellees.

The suit is brought by the trustees of common school district No. 2 of Walker county against the county superintendent of schools, the county board of education, and the county commissioners' court, to restrain any declaration of the result of an election held in several school districts of the county adjoining the Huntsville independent school district to determine the question of the annexation of the adjoining districts to the Huntsville district and to restrain "the entering of any order by virtue of said election which would purport in any manner to affect or impair the rights of Common School District No. 2," and to require defendants to continue to recognize plaintiffs as the lawful trustees of school district No. 2.

The election, the result of which is sought to be annulled, was held in pursuance of the following resolutions of the county board of education passed on August 5, 1929:

"Whereas, the County Board of School Trustees of Walker County, Texas, has been for some months engaged in the task of grouping the Common School Districts of Walker County for rural high school purposes, and it appearing to the Board that it will be for the best interest of the Common School Districts adjacent to the Huntsville Independent School District, and particularly the districts hereinafter named, and that the pupils of said Common School Districts will have better high school privileges by annexing the territory in said Districts hereinafter set forth to the Huntsville Independent School District;

"Be it therefore resolved by the County Board of School Trustees of Walker County, Texas, that the following School Districts, to-wit, Common School Districts No. Two, Nine, Twelve, and the Phelps Independent School District, should be annexed to the Huntsville Independent School District, as provided by articles 2922a and 2922c of the Revised Civil Statutes of 1925, as amended by the Acts of the Thirty-Ninth Legislature, chapter 59, page 204, and by the Acts of the Fortieth Legislature, First Called Session, page 206, chapter 78; and it further appearing to said County Board of Trustees that said territory, proposed to be annexed to the Huntsville Independent School District, aggregates more than one hundred (100) square miles, but does not contain more than seven (7) Common School Districts; and it further appearing to said Board that, in order to effect said annexation of said School Districts, it will be necessary for an election to be held throughout the entire territory to be affected by such annexation, and that the County Judge of Walker County is authorized to and is the proper official to issue the Order for such an Election:

"It is further resolved that the Hon. P. H. Singeltary, County Judge of Walker County, Texas, be and he is hereby requested to order an election, to be held in the entire territory, including the Huntsville Independent School District, Common School Districts No. Two, Nine, Twelve, and the Phelps Independent School District, for the purpose of determining whether the territory embraced within the said Common School Districts shall be annexed to and made a part of the Huntsville Independent School District, under the laws of the State of Texas aforesaid.

"It is further resolved that a copy of this resolution, signed by the Chairman of the Board and attested by the Secretary, be delivered to the said Hon. P. H. Singeltary, County Judge of Walker County, and shall

serve as a formal request of this Board for the issuance of said Election Order."

A copy of these resolutions duly signed and attested was presented to the county judge, and, in compliance with the request therein contained, the following proclamation and order of election was made:

"The State of Texas, County of Walker.

"Whereas, I, P. H. Singeltary, County Judge in and for Walker County, Texas, have heretofore received from the County Board of School Trustees of Walker County, Texas, a copy of an order or resolution duly adopted and entered of record by the said County Board of School Trustees of Walker County, Texas, on the 5th day of August, 1929, grouping and undertaking to group Common School Districts Numbered Two, Nine, Twelve, and the Phelps Common School District with the Huntsville Independent School District, and undertaking to organize a rural high school district by said grouping, and by annexing said Common School Districts to the Huntsville Independent School District; and

"Whereas, the combined territory of the four Common School Districts sought to be annexed to the said Huntsville Independent School District and the Huntsville Independent School District exceed one hundred (100) square miles, such grouping of said Common School Districts with the Huntsville Independent School District, for the purpose of forming a rural high school district, can not be effected except by an election submitted to the qualified voters residing in said Common School Districts and said Independent School District, and which said order and resolution of the County Board of School Trustees of Walker County, requests me to order an election for the purpose of annexing the territory embraced within said Common School Districts to the Huntsville Independent School District, under and by virtue of articles 2922a and 2922c of chapter 19a, title 49, of the Revised Civil Statutes of the State of Texas of 1925, as amended by the Acts of the Thirty-ninth Legislature in 1925, page 204, chapter 59, and as amended in 1927 by the Fortieth Legislature, First Called Session, page 206, chapter 78; and

"Whereas, after considering said resolution, requesting such election, and it appearing to me, in my official capacity as County Judge of Walker County, Texas, that it will be for the best interest of the citizens residing in said territory and for the best interest of the patrons of the public schools affected by such election, that such election be granted:

"Now, therefore, I, P. H. Singeltary, in my official capacity as County Judge of Walker County, Texas, do hereby order that an election be held on the 30th day of November, 1929, in the territory embraced by the Huntsville Independent School District, as created and amended by an Act of the Thirty-first

Legislature on March 9, 1917, Chapter 45, page 180, Local and Special Laws passed by the Thirty-fifth Legislature at its regular session, and as enlarged by the annexation of Common School Districts Eighteen and Nineteen, by an order and resolution of the County Board of School Trustees of Walker County, Texas, duly made and entered of record as of the first day of June, 1929, to which said Huntsville Independent School District the territory hereinafter described is proposed to be annexed and the territory now included in the Huntsville Independent School District, together with that included in the Districts to be annexed thereto, in accordance with this Election Order, and which said election shall also be held in the territory comprising said other School Districts as follows:

"Common School District No. Two as set forth and defined on page 91 of the Minutes of the County Board of School Trustees of Walker County, Texas; also in Common School District No. Nine, as defined in Book 'H,' page 114, of the Minutes of the Commissioners' Court of Walker County, Texas; also in Common School District No. Twelve, as defined in the Minutes of the Commissioners' Court of Walker County, Texas, Book 'B,' page 295; also in the Phelps Common School District, as created and defined by Special Act of the Legislature, approved March 28, 1917, Chapter 92, page 365, of the Local and Special Laws of the Thirty-fifth Legislature.

"That said election shall be held at the regular voting places in the territory affected, as follows:

"In Election Precints No. One and Fourteen at Huntsville, Texas; in Election Precinct No. Eight at Phelps; and in Election Precinct No. Ten at Bath; and the regular election officers heretofore appointed by the Commissioners' Court of Walker County, Texas, are hereby designated as the officers of said Election.

"Said election shall be held in accordance with the provisions of the Election Laws of the State of Texas, and all qualified voters residing in said territory shall be entitled to vote at said Election.

"All voters residing in the Huntsville School District and in Common School District No. Two shall vote at Huntsville, Texas; all voters residing in the Phelps Common School District and in Common School District No. Nine shall vote at Phelps; and all voters residing in Common School District No. Twelve shall vote at Bath.

"Those in favor of the proposition to annex said territory to the Huntsville Independent School District shall have written or printed on their ballots the following:

" 'For the annexation of the territory to the Huntsville Independent School District.'

"And those opposed to said proposition

shall have written or printed on their ballots:

"'Against the annexation of territory to the Huntsville Independent School District.'

"The returns of said election shall be made to the County Clerk of Walker County, Texas, and shall be canvassed by the Commissioners' Court of Walker County, Texas, and the result thereof declared and entered of record in the Election Records of Walker County, Texas, and the result certified by the County Clerk of Walker County, Texas, and to the Board of Trustees of the Huntsville Independent School District.

"The Sheriff of Walker County shall give notice of said election by posting copies of this order in at least one public place in each School District in which said election is ordered, for three consecutive weeks before the date of election, and he is further directed to have a copy of said order of election published for three weeks prior to said election in some newspaper of general circulation that has been continuously and regularly published for one year previous to the date of this order, in Walker County, Texas, the date of the first publication being not less than twenty-one (21) days prior to the date of election.

"Dated at Huntsville, Texas, this 30th day of October, 1929.

"P. H. Singeltary, County Judge,
Walker County, Texas.

"Attest: S. W. Robinett, County Clerk,
Walker County, Texas."

This order of election was duly posted and published, as therein directed, by the sheriff of Walker county, and the election was duly and regularly held and conducted on the day named in the order.

The returns from the election show that, in the two voting precincts of the Huntsville district in which the voters of that and common school district No. 2 voted as directed by the order, 242 votes were cast "for" and 30 "against" annexation. At the other voting places named in the order the total number of votes "for annexation" was 21, and "against annexation" 14.

It appears from the record that the voting places named in the order are all the regular voting places of the voters in the territory embraced in the order. It is further shown that, while the Phelps school district was created an independent district by an act of the Legislature passed in 1917, it had not functioned as such for a number of years, but was organized and functioning as a common school district, and was so recognized by the commissioners' court and school authorities of the county.

█ The first ground upon which appellants in a forceful brief and argument assail the validity of this election is thus stated in their first proposition: "The consent of the school trustees of each district affected is a condition precedent to the authority of the County Board to effect an annexation of two districts under the Rural High School Act and this is true notwithstanding an election may have been carried in the district at large."

The argument in support of this proposition is not without plausibility, but we cannot agree in this construction of the statute. As amended in 1927 by an Act of the Fortieth Legislature (1st Called Sess., c. 78, § 1), article 2922a of our 1925 Revised Statutes (Vernon's Ann. Civ. St. art. 2922a), is as follows:

"In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools, provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected. Provided that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, or to an independent district having two hundred and fifty, or more scholastic population, as the case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by General Law. Provided that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary district composing the rural high school district and when such district has been abolished the elementary districts shall automatically revert back to their original status, with the exception that in the event there are any outstanding indebtednesses against the said rural [high] school district each elementary district shall assume its proportional part of the debts."

Article 2922c of these Statutes provides: "No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than seven elementary school districts, except that the county school board of school trustees may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a ma-

jority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose; and provided further, that the said board of county school trustees may form a rural high school district containing more than seven elementary districts upon a vote of a majority of the qualified voters in each of the elementary districts within such proposed rural high school district."

It seems clear to us that it was not the purpose or intention of the Legislature, in providing in article 2922c that the creation of a rural high school district of a larger area than authorized by article 2922a could be accomplished by a majority vote of the qualified voters of such proposed district cast at an election held for that purpose, to only authorize such election when the trustees of each of the districts comprising the territory of the proposed district consented to its creation. To give the statute such construction would place an unreasonable restriction upon the right of the voters to determine for themselves whether the proposed district should be created, and place it in the power of the trustees of any one of the districts proposed to be combined into the larger district to thwart not only the will of the majority of the voters of the proposed district, but also of those of the district represented by the dissenting trustees. We cannot bring ourselves to believe that in the passage of this statute the Legislature had any such intention. If the Legislature had so intended, it would have expressly so provided and not left the question to what at most is a doubtful construction of the statute.

None of the cases cited by appellants tends to sustain their construction of the statute, except the case of Hale v. McMurrey (Tex. Civ. App.) 22 S.W.(2d) 499. In that case the trial court sustained a plea in abatement on the ground that appellants had not exhausted their remedy of appeal to the higher school authorities before invoking the jurisdiction of the courts to have the order of annexation assailed in their petition declared void. The opinion is largely devoted to a discussion and decision of the question of whether the plea in abatement was properly sustained. After reversing the trial court's holding on this question, the appellate court then considered the sufficiency of plaintiff's petition on general demurrer, and held that the allegations in the petition that the nuclear district did not contain the scholastic population required by article 2922a, and the further allegation that the trustees of one of the districts proposed to be annexed had not consented to the annexation, would render the annexation void. No consideration seems to have been given to the allegations of the petition that an election had been held in the territory embraced in the proposed district which resulted in favor of the annexation, and the question presented in

this case was not in the mind of the court nor passed upon in the Hale Case.

In the instant case each of the districts involved in the creation of the proposed rural high school district has the scholastic population required by article 2922a, and, from the statement of what was necessarily determined by the opinion in the Hale Case, that opinion can have no controlling effect upon the question we are called upon to decide in this case. The other cases cited by appellant upon this question are not in point.

The remaining question presented by appellant's brief is more difficult of decision. We are inclined to agree with appellees that the election was properly ordered by the county judge. But if appellant's contention that the school board should have called the election is sound, since the county judge embodied in his order for the election the resolutions of the school board, and its request that he order the election, we are unwilling to hold that an election so ordered, of which due and legal notice was given and which was legally and regularly conducted on the date and at the voting places designated in the order which were regular voting places in the district, and participated in by voters upon each side of the question submitted, with no effort on the part of appellants to prevent its being held, was a void election.

We have been cited to no authority holding such an election void, and its seems to us that, when due notice of an election provided for by law has been given, and such election was duly and legally held at the usual voting places in the district on the date named in the notice, and participated in by the voters upon both sides of the question submitted by the order of election, it should not be held void merely because the call for the election was not signed by the person authorized to make the call, in the absence of a showing that because of this fact voters opposed to the result of the election failed to participate therein.

These conclusions require an affirmance of the judgment, and it has been so ordered.

Affirmed.

### On Motion for Rehearing.

 After appellants' motion for rehearing was filed we certified to the Supreme Court for its decision the controlling questions presented by this appeal.

The answer of the Supreme Court to one of the questions certified holds that the election, resulting in favor of the consolidation of the school districts involved in this litigation, was void because not called by the proper authority.

In obedience to this holding, the motion for rehearing is granted, the judgment of the trial court reversed, and judgment rendered in favor of appellants, granting the injunction prayed for in their petition.