

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann          AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. A. J. Bryan, Jr.      Opinion No. O-2075
District Attorney         Re: Annexation of Pleasant View
Hillsboro, Texas          Common School District to Blum
                                Rural High School District--neces-
                                sity for approval of board of

Dear Sir:                   trustees.

         We are in receipt of your letter of March 11, 1940, in which you submit the following question to this department for our opinion:

         "... did the County Board of School Trustees have the power and authority to group Pleasant View Common School District No. 105, having a scholastic population of 39, with Blum Rural High School District No. P, having at the time a scholastic population of 412, for high school purposes?"

         The following facts are presented:

         On May 24, 1929, the County Trustees of Hill County "grouped" Blum Independent School District with scholastic population of 184, Rock Creek Common School District with scholastic population of 43, Caruthers Common School District with scholastic population of 46, and Live Oak Common School District with a scholastic population of 28, to form the Blum Rural High School District No. P. This action was necessarily taken under the first part of Article 2922a, R.C.S., 1925, under the process designated as "grouping". By the terms of Article 2922b, the district thus formed was classified as a common school district.

         October 1, 1938, the County School Trustees entered an order grouping Union Hill Common School District having a scholastic population of less than 150 with Blum Rural High School District which it appears from our Opinion O-1639 had a scholastic population of 362. In our Opinion O-1639, it was held that this "grouping" was proper under the authority of County Board of School Trustees of Limestone County v. Wilson, 15 S.W. (2d) 144, without the necessity of holding an election. Necessarily the Blum Rural High School District was considered as being classified as a common school district otherwise it would have been an "annexation" under Article 2922a.

Your letter continues as follows:

"On February 22, 1940, the County Board of
School Trustees entered an order attempting to
group the contiguous Pleasant View Common School
District No. 105 with Blum Rural High School Dis-
trict No. P. for high school purposes. It is ad-
mitted that Pleasant View Common School District
has a scholastic population of 39, and that Blum
Rural High School District has a scholastic popu-
lation of 412."

Article 2922b, Revised Civil Statutes, 1925, provides
as follows:

"Rural high school districts as provided for
in the preceding article shall be classed as com-
mon school districts, and all other districts, whe-
ther common or independent, composing such rural
high school district shall be referred to in this
Act as elementary school districts; provided that
all independent school districts enlarged by the an-
nexation thereto of one or more common school dis-
tricts as provided for in Article 2922a shall retain
its status and name as an independent school dis-
trict and shall continue to operate as an independ-
ent school district under the provisions of the ex-
isting laws and the laws hereafter enacted govern-
ing other independent school districts, except as
otherwise provided for herein."

The Blum Rural High School District was not origi-
nally formed by "annexation" under Article 2922a and the action
taken on October 1, 1938, was not an "annexation". Although it
now has a scholastic population of 412 Blum Rural High School
District is classified as a common school district.

The proposed district will contain 6 elementary dis-
tricts and have an area of less than 100 square miles and for
that reason Article 2922c, Revised Civil Statutes, 1925, does
not apply and the rule laid down in County v. Mitchell (Com.
Appl 1931) 38 S.W.(2d) 770; (T.C.A.) 48 S.W.(2d) 803, and other
cases following same is not applicable.

Article 2922a, Revised Civil Statutes, 1925, provides,
in part, as follows:

"In each organized county in this State and
in any county which shall hereafter be organized,

the county school trustees shall have the author-
ity to form one or more rural high school districts,
by grouping contiguous common school districts hav-
ing less than four hundred scholastic population and
independent school districts having less than two
hundred and fifty scholastic population for the pur-
pose of establishing and operating rural high schools,
provided also that the county school trustees may an-
nex one or more common school districts or one or
more independent school districts having less than two
hundred and fifty scholastic population to a common
school district having four hundred or more scholas-
tic population or to an independent district having
two hundred and fifty or more scholastic population
upon the approval of the board of trustees of each
school district affected; provided that when one or
more common school districts are so annexed to a com-
mon school district having four hundred or more schol-
astic population, or to an independent district of
two hundred and fifty or more scholastic population,
as the case may be, a board of trustees shall be
elected from the district at large and shall have the
management and control of the district as enlarged
until the time for the next election and qualifications
of trustees for common and independent districts, as
provided by General Law. . . ."

Whether the Blum Rural High School District is classi-
fied as a common school district with a scholastic population
of more than 400, or as an independent district with a scholas-
tic population of more than 250, the action of the county board
was not "grouping" but "annexation" for only common school dis-
tricts having a scholastic population of less than 400 and in-
dependent districts with a scholastic population of less than
250, may be "grouped" to form a rural high school district.

Both common school districts with more than 400 schol-
astic population and independent districts with more than 250
scholastic population come within the provision for "annexation"
and the statute provides that annexation may be made "upon the
approval of the board of trustees of each school district af-
fected."

You state in your letter that the consent of the Board
of Trustees of Pleasant View Common School District has never
been obtained and no election has ever been ordered or held.

The approval of the Board of Trustees of the Pleasant
View Common School District No. 105 never having been obtained

as required by statute, it is our opinion that the County
Board exceeded their authority in ordering the annexation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack
Cecil C. Cammack, Assistant

APPROVED APR 4, 1940
/s/ W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

CCC:RS:wb