**BELL et al. v. KIRKLAND et al.**

**No. 7647.**

Court of Civil Appeals of Texas. Austin.
May 27, 1931.

Rehearing Denied June 10, 1931.

J. A. Thomas, Louis D. Gayer, and Lloyd Kerr, all of San Angelo, for appellants.

Chas. Gibbs and J. W. Stovall, both of San Angelo, for appellees.

BLAIR, J.

This appeal is from an order refusing to dissolve a temporary injunction restraining the county school trustees of Coke county from forming a rural high school district comprising an area of more than 100 square miles, by grouping Bronte independent school district, having less than 250 scholastics, with four small common school districts, having less than 400 scholastics; a majority of the qualified voters of the proposed district having approved same at an election called for that purpose.

Article 2922a, as amended in 1927 (Vernon's Ann. Civ. St. art. 2922a), provides two methods by which county school trustees may form rural high school districts, as follows:

1. "The county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools."

2. "Provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or

more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected."

■■ The district in the instant case was formed by "grouping" under the first method, as distinguished from "annexation" under the second method. The trial court held that the provisions of the second method requiring "the approval of the board of trustees of each district affected" applied alike to the first method of forming school districts by grouping, and enjoined the county school trustees from forming the district in question, because the trustees of each district affected had not approved the proposed district. In the case of Beard v. Marshall (Tex. Civ. App.) 32 S.W.(2d) 496, it is held that county school trustees may form rural high school districts by "grouping" independent school districts having less than 250 scholastics with common school districts having less than 400 scholastics, without the approval of the trustees of each district affected. The only limitation upon the authority of the county school trustees to form the district in question was that imposed by article 2922c, which provides that county school trustees may not form rural high school districts, as provided in article 2922a, comprising an area of more than 100 square miles, except upon a majority of the qualified voters of the proposed district approving same at an election held for that purpose. A majority of the qualified voters of the district in question approved same at an election called for that purpose, and the district was therefore legally created. County Board of School Trustees v. Wilson (Tex. Civ. App.) 5 S.W.(2d) 805; Canon v. Rasbury (Tex. Civ. App.) 21 S.W. (2d) 76.

■■ The appellees insist that by amending article 2922a in 1927, so as to allow county school trustees to group independent school districts having less than 250 scholastics with common school districts having less than 400 scholastics instead of 150 scholastics allowed by this article prior to its amendment, the Legislature thereby repealed article 2922c by implication.

Prior to its amendment in 1927, article 2922a authorized a "grouping" of school districts only where the independent district had less than 150 scholastics. The amendment increased and authorized a "grouping" where the independent district had less than 250 scholastics. Appellees therefore contend that, since article 2922c referred to article 2922a before amendment, it continued to refer to the old article after its amendment, because article 2922c was merely a "reference"

statute and was not itself amended so as to refer to article 2922a, as amended in 1927. The contention is without merit. These articles are a part of the articles of chapter 19A, title 49, R. S. 1925 (as amended [Vernon's Ann. Civ. St. art. 2922a et seq.]), relating to formation of rural high schools. Article 2922c uses the word "herein" which obviously refers to the chapter 19A of which it is a part, and the word "herein" as used is sufficient reference to include any and all amendments to that chapter or any of its various parts. There can be no question but that the Legislature intended that rural high school districts formed after the 1927 amendment of article 2922a should be formed under the provisions where applicable of both articles 2922a and 2922c as they now exist. Such was the holding of this court in the recent case of Bell v. Ditmore, 38 S.W.(2d) 397. But, even if appellees were correct in this contention, which we do not concede, they have not been injured by reason of the election being held, because the orders of the county school trustees sufficiently established the district independent of the election.

■ Nor do we sustain the remaining contention of appellees in support of the injunction that there was raised an issue of fact as to whether the Bronte independent school district had more than 250 scholastics at the date of the grouping in question. It was necessary for the county school trustees before entering their order grouping the school districts in question to determine the scholastic population of the independent district as well as the scholastic population of the common school districts incorporated in the group. Likewise was it the duty of the county judge before ordering the election to approve the proposed district to determine the scholastic population of the districts affected. It is settled law in matters of this kind that, where the county judge or the county school trustees determine the facts necessary to the calling of an election or grouping of school districts, then, in absence of fraud, such facts established in that manner are things adjudicated and are not open to controversy. State v. Goowin, 69 Tex. 55, 5 S. W. 678; Scarbrough v. Eubank, 93 Tex. 106, 53 S. W. 573; State v. Town of Clyde (Tex. Civ. App.) 18 S.W.(2d) 202; Kuhn v. City of Yoakum (Tex. Com. App.) 6 S.W.(2d) 91; City of Tyler v. Tyler B. & L. Ass'n, 98 Tex. 69, 81 S. W. 2; Bowen v. Board of School Trustees of Panola County (Tex. Civ. App.) 16 S. W.(2d) 424; Smith v. City of Dallas (Tex. Civ. App.) 36 S.W.(2d) 547, 552.

The order appealed from is set aside and the temporary injunction dissolved.

Order set aside, and temporary injunction dissolved.