**KIRKLAND et al. v. BELL et al.**

**No. 7728.**

Court of Civil Appeals of Texas. Austin.

July 6, 1932.

Rehearing Denied July 27, 1932.

Chas. Gibbs and J. W. Stovall, both of San Angelo, for appellants.

Kerr & Gayer, of San Angelo, for appellees.

BLAIR, J.

Our opinion on a former appeal, reported in 41 S.W.(2d) 443, 444, writ of error refused, states the nature of this suit. Briefly, appellants, the common school districts affected and the trustees thereof, sought by this proceeding to enjoin appellees, W. H. Bell, as county judge, ex officio county school superintendent, and acting secretary of the county school board of Coke county, Tex., the county school board, the Bronte independent school district and its trustees, from grouping appellant common school districts with the Bronte independent school district for the purpose of creating a rural high school district. On the former appeal appellants alleged as grounds for the injunction that the grouping of the districts in question was illegal because the Bronte independent school district had a scholastic population of more than 250, and the trustees of the appellant common school districts had not consented to such grouping, which was alleged to be a prerequisite to grouping under the provisions of article 2922a, R. S. 1925, as amended in 1927 (Vernon's Ann. Civ. St. art. 2922a). On the former appeal we dissolved the temporary injunction, holding as follows: "It is settled law in matters of this kind that, where the county judge or the county school trustees de-

termine the facts necessary to the calling of an election or grouping of school districts, then, in absence of fraud, such facts established in that manner are things adjudicated and are not open to controversy."

On this trial appellants amended their petition, alleging that appellees knew at the time the order for grouping was made that the Bronte independent school district had more than 250 scholastics; but recited in their order for the grouping that it had less than 250 scholastics, and that such action upon the part of appellees was fraud.

The trial court instructed a verdict for appellees upon the ground that there was insufficient evidence to support the allegations of fraud; hence this appeal.

■ The scholastic population of the Bronte independent school district, as approved by the state superintendent of public instruction on May 8, 1930, was 249. In August, 1930, there was added nine square miles of territory, with nine scholastics. The county school board entered its order on February 2, 1931, for the grouping of the districts in question, and called for an election to determine whether the voters would group the districts affected. There was no evidence offered by appellants as to the number of scholastics on February 2, 1931. The contention here is that, since appellants showed the number of scholastics on May 8, 1930, to be 249, and having shown that there was added to the district in August, 1930, nine square miles of territory with nine scholastics, it should be presumed that this total number of 258 scholastics continued until the date of the order for grouping, February 2, 1931. We do not sustain the contention. The burden was upon appellants to show (a) that there were more than 250 scholastics on February 2, 1931, the date the school districts were ordered to be grouped; and (b) that the county school board knew that there were more than 250 scholastics in the Bronte independent school district on that date. The only testimony concerning this was that of the county judge, as follows: "I do not know just why, they might have had a bunch out of the territory, and I think they did, and it ran away below that 250. The Board considered it. It might have been because quite a few had moved out."

There was no evidence that the county school board knew that there were more than 250 scholastics in the Bronte independent school district on February 2, 1931, the date the districts were ordered grouped, or when the election was called. The orders recited that the scholastic population was less than 250 on that date. So appellants wholly failed to prove the fraud alleged, and the judgment of the trial court is affirmed.

Affirmed.