## MILLER et al. v. SCHOOL TRUSTEES OF MILAM COUNTY et al.

### No. 7855.

Court of Civil Appeals of Texas. Austin.

July 27, 1932.

Rehearing Denied Aug. 17, 1932.

E. A. Wallace, of Cameron, for appellants.

W. A. Morrison, of Cameron, for appellees.

BLAIR, J.

This appeal is from a judgment denying appellants, the trustees of Hanover common school district and several patrons of the district, a permanent injunction against appellees, the county school trustees of Milam county, the trustees of Milano rural high school district, and the county school superintendent of Milam county, restraining them from entering and enforcing certain orders of the county school trustees, detaching said Hanover school district from Gause independent school district, and grouping same with Milano rural high school district for school purposes.

Appellants urged in the trial court, and here urge, four grounds for the injunction, as follows:

(1) That on December 7, 1931, the county school trustees created and established the Gause rural high school district by grouping with Gause independent school district, Hanover, and other contiguous common school districts; that, by subsequent action, February 4, 1932, the county school trustees detached said Hanover common school district from the previously established Gause rural high school district; and that such action or order was wholly void, and should be perpetually enjoined, because neither the trustees of the districts affected, nor the voters of the previously established Gause rural high school district, took any action legally dissolving the same.

(2) That on December 7, 1931, the county school trustees created and established the Milano rural high school district by grouping with the Milano independent school district several contiguous common school districts; that by subsequent action, February 4, 1932, the county school trustees attempted to enlarge and change the previously created and established Milano rural high school district by adding thereto Hanover and another common school district; and that such action was wholly void, and should be perpetually restrained because no lawful procedure dissolving the Milano rural high school district as previously created and established on December 7, 1931, was had.

(3) That under the facts alleged and proved the Hanover common school district was not contiguous to the Milano independent school district with which it and other common

school districts were grouped, creating the Milano rural high school district.

(4) That the county school trustees could not group the Milano independent school district with the several common school districts in question, attempting to create and establish the Milano rural high school district, comprising an area of more than 100 square miles, upon a vote of a majority of the voters of the proposed rural high school district alone; but that the approval of the board of trustees of each common school district affected was required as a condition precedent under the provisions of article 2922a, as amended in 1927 (Vernon's Ann. Civ. St. art. 2922a), and article 2922c, R. S. 1925.

We have reached the conclusion that neither of the above four contentions can be sustained. With respect to the first two contentions, we hold that the action of the county school trustees on December 7, 1931, grouping the Gause and Milano independent school districts with certain common school districts, was merely a tentative grouping of the districts in question into rural high school districts as the initial step to a compliance with the Rural Aid Appropriation Act, chapter 272, Acts. 42d Leg., p. 457. This act appropriated certain aid to each rural school district complying with its provisions; and also appropriated as a "bonus" to each rural high school district complying with the requirements of the act with respect to consolidating or grouping of two or more contiguous districts for the purpose of creating and establishing of rural high school districts throughout the county, as a county-wide plan or school enterprise. In the instant case the county school trustees construed, and we construe, this appropriation act to require as a prerequisite to receiving the bonus provided for therein the following procedure:

(1) That the county school trustees should first make a tentative grouping of all school districts in Milam county, with the view of establishing in each grouped district a rural high school, as a county-wide plan.

(2) That thereafter each of such tentatively grouped districts should establish itself as a rural high school district (a) by an election to consolidate under article 2806, R. S. 1925, as amended by Acts 1931, c. 106 (Vernon's Ann. Civ. St. art. 2806); or (b) by either the grouping or annexation method provided for under article 2922a, as amended by H. B. 89, acts 1927, as limited by article 2922c when applicable.

(3) That the county school trustees should certify its tentative action grouping the entire county, together with a map showing the location of each tentatively established rural high school; and together with a certificate showing each district which had accepted the plan by legally establishing or consolidating itself into a rural high school district under

one or the other aforementioned statutory methods. Each rural high school district thus complying with the plan would be entitled to the bonus, whether or not the other tentatively created districts complied with or accepted the county-wide plan, and legally created themselves into rural high school districts.

The evidence is undisputed that, after the county school trustees made this tentative grouping of the entire county, they asked the Gause independent school district, with which they had tentatively grouped Hanover district, to create or establish the proposed grouping into a rural high school district by the annexation method under article 2922a; but the trustees of both districts refused to do so. Gause was an independent district with more than 350 scholastics; and it would require the favorable action of the trustees of all schools affected in order to create a legal rural high school district out of this proposed grouping by the county school trustees. This was not done, and Hanover district was never legally attached or annexed to Gause district, and the county school trustees were authorized to thereafter group or recognize the grouping of Hanover district with any other legal grouping in its effort to carry out the county-wide plan for the establishment of rural high school districts throughout the entire county.

After the above-mentioned efforts of the county school trustees to legally attach Hanover district to Gause district had failed, Milano independent school district, Hanover district, and several other contiguous common school districts proposed a grouping for the purpose of establishing the Milano rural high school district. The proposed district comprised an area of more than 100 square miles, so an election was duly ordered and carried; and the county school trustees declared the Milano rural high school district legally created and established, in compliance with article 2922a, as amended in 1927, and article 2922c, requiring an election where the territory of the proposed district is more than 100 square miles.

The legality of this district is attacked by appellants' last two above contentions.

We doubt if these questions can be legally determined in this proceeding for a permanent injunction. The election establishing the Milano rural high school district was not contested. It established said district into a body corporate, or municipal corporation, and its legality as such can only be attacked by an action of quo warranto. Kuhn v. Yoakum (Tex. Com. App.) 6 S.W.(2d) 91; Dyer v. School District (Tex. Civ. App.) 22 S.W.(2d) 712; Bowen v. Board of School Trustees (Tex. Civ. App.) 16 S.W.(2d) 424; Stinson v. Graham (Tex. Civ. App.) 286 S. W. 264, 265; Harbin Ind. School Dist. v. Denman (Tex. Com. App.) 222 S. W. 538; Wilson v. Brown (Tex. Civ. App.) 145 S. W. 639; Ivey v. Keeling (Tex. Civ. App.) 15 S.W.(2d) 1097.

However, the contentions are not sustained. The school districts grouped into the Milano rural high school district are contiguous to each other within the meaning of the statute authorizing such grouping of contiguous school districts. They are contiguous in the sense that they touch each other and all are included within an unbroken boundary line. Appellants' contention that the statute requires all districts to be contiguous to one district in the grouping is expressly overruled by the case of Beard v. Marshall (Tex. Civ. App.) 32 S.W.(2d) 496.

Appellants also insist that the county school trustees may not group a rural high school district comprising an area of more than 100 square miles except upon the approval of the board of trustees of each district affected and a majority of the qualified voters of the proposed district under the terms of article 2922a and 2922c, supra. In the case of Bell v. Ditmore, 38 S.W.(2d) 397, this court held that the county school trustees could not group a rural high school district comprising more than 100 square miles except upon the approval of the board of trustees of each district affected and a majority of the qualified voters of the proposed district.

In the case of Countz v. Mitchell et al., 38 S.W.(2d) 770, in answer to a certified question, the Commission of Appeals held that the consent of the trustees of each district affected was not necessary as a prerequisite to the authority of the county board to affect annexation of two districts under rural high school act, where an election is carried in the district at large under the terms of articles 2922a and 2922c.

In the same case, 48 S.W.(2d) 803, the Galveston Court of Civil Appeals discussed this question at length, and rendered judgment in accordance with the answer to the certified question, holding that the consent of the school trustees of each district affected is not a condition precedent to the authority of the county board to effect the annexation of two districts under the rural high school act, where an election has been carried in the district at large establishing such rural high school district. These decisions conclude the question.

The judgment of the trial court will be affirmed.

Affirmed.