**COX et al. v. BEARD et al.**

**No. 8396.**

Court of Civil Appeals of Texas. Austin.

Oct. 24, 1935.

Rehearing Denied Nov. 13, 1935.

Dibrell & Snodgrass and Baker & Baker, all of Coleman, for appellants.

W. Marcus Weatherred and Critz & Woodward, all of Coleman, for appellees.

McCLENDON, Chief Justice.

Suit by appellants to have "adjudicated to be null and void" the South Coleman County Rural High School District and bonds voted by the district, and to enjoin the issuance of such bonds, the levy of taxes, etc. The appellants are qualified voters residing and owning property within the district. The trial court sustained a general demurrer to appellants' petition, and upon their declining to amend, dismissed the suit.

The district was organized by grouping seven "common and elementary school districts," and comprized an area in excess of 100 square miles.

The validity of the district is assailed on three alleged grounds:

1. The trustees of one of the elementary districts did not consent to the formation of the high school district.

2. A majority in said elementary district voted against formation of the high school district.

3. The following irregularities invalidated the election:

a. Disqualified electors were allowed to vote.

b. The polls at one of the boxes were opened one hour late and were kept open an hour after closing time.

The first ground of invalidity was adjudicated adversely to appellants' contention by the Supreme Court in an adopted commission opinion in Countz v. Mitchell, 120 Tex. 324, 38 S.W.(2d) 770, expressly approving the holding and reasoning of the Galveston court (Chief Justice Pleasants writing) in the same case in (Tex.Civ.App.) 48 S.W.(2d) 803. See, also, Miller v. School Trustees (Tex.Civ. App.) 52 S.W.(2d) 806.

With reference to the second ground of invalidity, it is only necessary to point out that the requirement in R.S. art. 2922c for a majority vote in each of the elementary districts is expressly limited to high

school districts containing more than seven elementary districts.

■ This is not a contested election case, and therefore the alleged irrgularities constituting the third ground of invalidity cannot be inquired into in this proceeding. Bowen v. Board of School Trustees (Tex. Civ.App.) 16 S.W.(2d) 424.

The invalidity of the bonds is predicated solely upon the invalidity of the district on the above grounds.

■ Appellees contend that the district and bonds have been validated by Acts 1935, c. 60, p. 147 (Vernon's Ann.Civ.St. art. 835e) and chapter 221, p. 530, Gen. Laws 44th Leg. (1935), Vernon's Ann.Civ. St. art. 2815g—7. Chapter 60 does not purport to validate districts, but only the acts of their governing bodies, including issuance of bonds. Chapter 221, § 3 (Vernon's Ann.Civ.St. art. 2815g—7, § 3) expressly exempts from its operation "any district, the organization * * * of which is now involved in litigation." This suit was pending on May 10, 1935, the effective date of chapter 221.

Appellees further contend that the validity of the district can only be questioned in a quo warranto proceeding instituted by proper officials, and that appellants have no right to maintain this suit. Under our above holdings, it is unnecessary to consider this question.

The trial court's judgment is affirmed.