### FLOREY COMMON SCHOOL DIST. NO. 5 OF ANDREWS COUNTY et al. v. COUNTY BOARD OF SCHOOL TRUSTEES OF ANDREWS COUNTY et al.

#### No. 3811.

Court of Civil Appeals of Texas. El Paso.

March 2, 1939.

Rehearing Denied March 23, 1939.

L. A. Prichard and George S. Berry, both of Lubbock, and Henry Russell, of Pecos, for appellants.

Benson & Benson, of Lubbock, for appellee.

WALTHALL, Justice.

The Florey Common School District No. 5, of Andrews County acting by and through its duly qualified and acting Board of Trustees, as plaintiffs (appellants here), brought this suit in the District Court of Andrews County against defendants (appellees in this appeal) praying for a temporary injunction (temporary restraining order) restraining defendants, the County Board of School Trustees, the Andrews Independent School District, Shafter Lake School District No. 2 (the latter sued as defendant, but cross complainant in this appeal), from doing any act towards abolishing and annexing plaintiff Florey School District to any other school district, or reducing said district in size or changing its boundaries, but on the contrary prayed the court to grant an order that the plaintiff Florey Common School District remain as it had been in size and in its management and control as a school district for many years.

The purpose of the suit was to have a permanent injunction enjoining the County School Board from carrying into effect by annexation the combining of the Florey Common School District and the Shafter Lake School District with the Andrews Independent School District under Rev. St. Article 2922a, Vernon's Ann.Civ.St. art. 2922a and article 2922c, R.C.S., an election in every way regular having been had in the district at large, in which the election carried. The appellants allege, in effect, that the action of the County School Trustees was void because the election did not carry in each of the school districts. In fact the election was defeated in the Florey School District and in the Shafter Lake School District, but carried in the district at large. The combined area of the school districts is in excess of one hundred square miles.

The case was heard upon its merits. The court denied plaintiffs the permanent injunction prayed for and plaintiffs appeal.

Opinion

The uncontroverted facts show that appellee, County Board of School Trustees, did not obtain the approval of the Board of Trustees of each school district affected as required by Article 2922a, R.C.S., Vernon's Ann.Civ.St. art. 2922a, and for that reason appellants contend the court should have rendered judgment in favor of appellants.

However, the Supreme Court has held that since such approval was unnecessary under Article 2922c, the approval of the board of each school district affected was not necessary. In Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, 773, the Commission of Appeals, the opinion by Judge Leddy, answered the following certified question in the negative: "Was the election void under Articles 2922a and 2922c because the trustees of Common School District No. 2 did not consent to the proposed annexation of that district to the Huntsville Independent School District for the purpose of forming, with the other districts * * * a rural high school district?" Cox et al. v. Beard et al., Tex.Civ. App., 87 S.W.2d 882 was a suit by appellants to have "adjudicated to be null and void" the South Coleman County Rural High School District and bonds voted by the district, and to enjoin the issuance of such bonds, the levy of taxes, etc., and in which suit the validity of the district was assailed on the grounds:

"1. The trustees of one of the elementary districts did not consent to the formation of the high school district;

"2. A majority in said elementary districts voted against formation of the high school district."

After stating the above, Judge McClendon, of the Austin Court of Civil Appeals, referred to the case of Countz v. Mitchell, supra, and Miller v. School Trustees, Tex. Civ.App., 52 S.W.2d 806, as adjudications adverse to appellants' first ground above stated, and as to the second ground, Judge McClendon said it was only necessary to point out that the requirement in

538

Article 2922c for a majority vote in each of the elementary districts is expressly limited to high school districts containing more than seven elementary districts. A writ of error was refused.

We conclude from the above holdings that the consent of the trustees in each of the several school districts is not necessary; nor is it necessary that the election carry in each district, but only in the proposed district at large.

We have carefully considered the several findings of fact made by the trial court and find they are sustained by the evidence.

Propositions not discussed have been duly considered and are overruled.

The case is affirmed.

On Appellants' Motion for Rehearing

In their motion for rehearing appellants insist that this Court is in error in holding that the approval of the board of each school district affected was not necessary to the proposed formation of the independent school district. In so holding this Court followed the case of Countz v. Mitchell, 120 Tex. 334, 38 S.W.2d 770, by the Commission of Appeals in answering a question certified to the Supreme Court. The same question was before the Austin Court of Civil Appeals in Cox v. Beard et al., 87 S.W.2d 882, writ refused, to which we also referred, but by oversight we omitted to state that the case was in the Second Series, and in which case Judge McClendon referred to as authority for his holding, the case of Countz v. Mitchell, supra. The Countz v. Mitchell case has often been referred to with approval. The last reference we have observed is by the Eastland Court in Coffee v. Lieb et al., Tex.Civ.App., 107 S.W. 2d 406, 410; in a local option election, in discussing the constitutional question involved, Judge Funderburk said: "We think the principles discussed in the opinion by Judge Leddy in Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, 773, are decisive. This opinion having the approval of the Supreme Court recognizes the existence of jurisdictional requisites to the validity of special elections. It is an authority against the contention that the final and conclusive test of the validity of such an election is that the qualified voters have in fact had full and fair opportunity to express their choice in the election."

We do not place the same interpretation on Bell et al. v. Kirkland et al., Tex.Civ.

App., 41 S.W.2d 443, writ refused, as do appellants. The opinion is by the Austin Court, Judge Blair writing the opinion, the same court that wrote the opinion in Cox v. Beard et al.

The motion is overruled.