## TRINITY INDEPENDENT SCHOOL DIST. v. DISTRICT TRUSTEES, DIST. 24, TRINITY COUNTY, et al.

### No. 10883.

Court of Civil Appeals of Texas. Galveston.

Dec. 14, 1939.

Rehearing Denied Jan. 25, 1940.

Crow & Chessher, of Groveton, for appellant.

Joe J. Newman, of Trinity, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment setting aside an order of the County Board of School Trustees of Trinity County, Texas, annexing New Zion Common School District No. 24 and Red Branch Common School District No. 31 to the Trinity Independent School District, for high school purposes.

On June 6, 1938, the Board of Common School Trustees of Trinity County called an election to be held in said three districts as a unit, for the purpose of determining whether the Board would be authorized to annex said districts Nos. 24 and 31 to the

Trinity Independent School District. No attempt was made to secure the approval of the Board of Trustees of either of the Common School Districts sought to be annexed. After due notice said election was held, and the election having carried in favor of annexation over the territory as a whole, the returns were made in favor of said annexation.

On July 25, 1938, the County Board of School Trustees entered an order providing for said annexation. In the order and notice for said election it was recited that said three districts were contiguous and more than 100 square miles in area, and that it was to the best interests of said districts, and each of them, and to the scholastic population thereof, that such common school districts be annexed to Trinity Independent School District for the purpose of forming a single unit for high school purposes.

On July 30, 1938, appellees, as trustees of said districts Nos. 24 and 31, brought this action in the district court of Trinity County against appellants, trustees of Independent School District of Trinity County, the County School Trustees of Trinity County, and the Superintendent of Schools of Trinity County. They alleged that the Trinity Independent School District was a rural high school district; that said election and order of annexation pursuant thereto was void, because no petitions of the appellee trustees were presented to the County School Board; that each of appellee districts voted unanimously against the proposed annexation, and that said election was void for failure to comply with Arts. 2922a, Vernon's Tex.Civ.St.1936, Art. 2922a, as amended by Art. 2922aa, both of the Revised Civil Statutes of 1925, Vernon's Tex.Civ.St.1939, Supp. Art. 2922aa.

Appellants answered by general demurrer and general denial, and by a special plea to the jurisdiction of the court that the petition of appellees was insufficient, in that it did not show an appeal had been made to the proper school authorities of the State of Texas.

On a trial before the court without a jury, judgment was rendered that the order of the Board of School Trustees of Trinity County, entered on July 25, 1938, attempting to annex or consolidate Common School Districts Nos. 24 and 31 with the Trinity Independent School District, was void for failure to comply with the provisions of Art. 2922aa, Revised Statutes of 1925. The court found as a fact that Trinity Inde-

pendent School District was a rural high school district.

It is the contention of appellees that Art. 2922aa, Revised Statutes of 1925, as added, Vernon's Tex.Civ.St.1939 Supp. Art. 2922aa, repealed those parts of Arts. 2922a and 2922c, Revised Statutes of 1925, under which School Districts Nos. 24 and 31 were annexed to Trinity Independent School District, and that the annexation was void for failure to comply with the provision of said Art. 2922aa, as added, which requires procedure under Art. 2806, Revised Statutes of 1925, providing for calling, holding, and canvassing the election for consolidating the type of school districts therein named by the County Judge and Commissioners Court.

Art. 2922aa, R.S.1925, Vernon's Tex. Civ.St.1939 Supp. Art. 2922aa, relates to the consolidation of rural high school districts and common school districts. It makes no provision for the annexation of common school districts with Independent School Districts. As amended, it provides that any rural high school district already formed may consolidate with any contiguous common high school district upon an election being held in the respective districts, and that said election shall be held in conformity with Art. 2806, R.S.1925.

Art. 2806, R.S.1925, provides that on a petition of twenty or a majority of the voters of each of several contiguous common school districts, or contiguous independent school districts, praying for the consolidation of such districts for school purposes, the County Judge shall issue an order of an election to be held on the same day in each such district; that the County Judge shall give notice of the date of such elections, and that the Commissioners Court shall canvass the returns of said elections, and if the votes in each and all districts show a majority in each district voting separately in favor of such consolidation, the court shall declare the school districts consolidated.

Said article further provides that if a common school district be consolidated with an independent school district, such independent school district shall be given all the rights and privileges of all other independent school districts.

Arts. 2922a, 2922b, and 2922c, R.S.1925, Vernon's Tex.Civ.St.1936, Arts. 2922a–2922c, with others of the same Act (Title 49, Chapter 19a), provide a method for the grouping and annexation of school districts and independent school districts.

Art. 2922a provides that the county school trustees shall have the authority to form rural high school districts by grouping contiguous common school districts or by annexing an independent school district to a common school district, or by annexing one or more common school districts to an independent school district "under the approval of the Board of Trustees of each school district affected."

Art. 2922b, R.S.1925, Vernon's Tex.Civ. St.1936, art. 2922b, provides that all independent school districts enlarged by the annexation thereto of one or more common school districts as provided in Art. 2922a, shall retain their status and names as independent school districts 'under the provisions of the existing laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided.

The part of Art. 2922c, R.S.1925, Vernon's Tex.Civ.St.1936, Art. 2922c, material to this appeal, reads: "No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than seven elementary school districts, except that the county school board of school trustees may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose; * * *."

The election in question involved the annexation of common school districts Nos. 24 and 31 with the Trinity Independent School District, which was an independent school district and not a rural high school district.

 While the record shows that there have been consolidations and annexations of school districts with Trinity Independent School District, under the express terms of Art. 2922b those annexations and consolidations have not changed the status ·of the Trinity Independent School District from an independent school district to a rural high school district, and since Arts. Nos. 2922aa and 2806 apply only to elections for the consolidation of rural high school districts, with contiguous common school districts, these articles would have no application to the election involved in this appeal.

 Further the Supreme Court, in the case of Countz v. Mitchell, 120 Tex.

324, 38 S.W.2d 770, in construing Arts. 2922a and 2922c of Chapter 19a, Title 49, Vernon's Ann.Civ.St., has laid down the rule, that while the County Judge has been authorized to order special elections already provided for, such as elections for the consolidation of rural high school districts with contiguous common school districts, there is no statute conferring on the County Judge such power to order elections on the question of the grouping or annexing of districts to form rural high school districts such as is provided for under said Arts. 2922a and 2922c, and that such power is conferred upon the County Board of School Trustees.

It is further held that the fact that the consent of the trustees of each of several districts to be affected by proposed consolidation was not secured, and that the election was defeated in the districts proposed to be consolidated, did not invalidate said consolidation where the election carried in the proposed district at large, as in the instant case. Florey Common School District No. 5 of Andrews County et, al. v. Board of School Trustees of Andrews County et al., Tex.Civ.App., 126 S.W.2d 536; Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770; Cox v. Beard et al., Tex.Civ. App., 87 S.W.2d 882; Coffee v. Lieb et al., Tex.Civ.App., 107 S.W.2d 406.

The exact question involved in this appeal is decided in the recent case of State ex rel. Lowe et al. v. Cadenhead et al., Tex.Civ.App., 129 S.W.2d 743, 746, in an opinion handed down on April 7, 1939, in which the court said:

"Specifically, the contention of appellants is, as we understand it, that Vernon's Ann. Civ.St. Art. 2806a repealed Art. 2922c, particularly wherein the latter authorized the County Board of School Trustees to order and declare the result of elections held under authority of said statute. A mere reading of said Art. 2922c will not disclose that it granted such authority. That effect of said article in connection with those of the same act, is recognized as the result of a decision of the Supreme Court upon a question of construction. Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, decided May 16, 1931. Said Art. 2806a became effective in October, 1935, long after the former statute had received its settled construction. * * * Importance seems to be attached by appellants to Vernon's Ann.Civ.St. Art. 2922aa (1937) which, in providing for the consolidation of Rural High School Districts with contiguous common school dis-

**1024**

tricts, to be effected by elections, provides that the required elections shall be held 'in conformity with Art. 2806, R.S. of Texas, 1925.' The importance is not apparent when it is considered that generally elections for consolidations, as distinct from elections to authorize the grouping or annexation of districts to form rural high school districts, are, as already noticed, required to be held in conformity with said Art. 2806, which is to say, said elections shall be ordered by the county judge and returns canvassed and results declared by the County Commissioners' Court. * * * On the other hand, when school districts are grouped, or one or more annexed to another under the authority of said chapter 19A, Title 49 of the R.S.1925, to form a rural high school district, the former districts do not cease to have an independent existence. As to such districts comprising rural high school districts it is provided in R.S.1925, Art. 2922b, that they, 'whether common or independent', shall 'be referred to * * * as elementary school districts.' Since the Legislature as its acts have been construed by the Supreme Court (Countz v. Mitchell, supra) has provided that elections for consolidations shall be ordered by the county judge, and elections on the question of grouping or annexing of districts to form rural high school districts shall be ordered by the county board of school trustees, no inconsistency is apparent in the provision of the new act that the consolidation of rural high school districts with common school districts be determined by elections to be ordered by the county judge."

It follows from the above authorities and the conclusions expressed, that in our opinion the judgment of the trial court should be reversed and judgment here rendered for appellant.

Reversed and rendered.