1028

WISE COMMON SCHOOL DIST. NO. 2 OF
CASTRO COUNTY v. CASTRO COUN-
TY SCHOOL TRUSTEES et al.

No. 5239.

Court of Civil Appeals of Texas. Amarillo.
May 27, 1940.

Rehearing Denied July 1, 1940.

Chas. H. Dean and Vincent Tudor, both
of Plainview, for appellant.

W. D. Benson, Jr., and George S. Ber-
ry, both of Lubbock, for appellees.

FOLLEY, Justice.

This is an appeal from a judgment of
the date of January 11, 1940, dissolving
a temporary injunction theretofore grant-
ed on August 9, 1939, enjoining the Coun-
ty Board of School Trustees of Castro
County, Texas, from entering any orders
purporting to group the Hart Independent
School District and the Wise Common
School District No. 2.

The Hart Independent School District
and the Wise Common School District are
contiguous school districts lying wholly
within Castro County, Texas. The Hart
Independent School District contains 70
square miles and has a scholastic popula-
tion of 125. The Wise Common School
District contains 32 square miles and has
a scholastic population of 14. No school
has been maintained in the Wise district
for the past five years, the scholastics of
such district for the most part having
attended the Hart school by a special
arrangement between the trustees of the
two districts.

On May 24, 1939, the County Board of
School Trustees entered its order group-
ing the Hart and Wise districts as a rural
high school under the provisions of arti-
cles 2922a and 2922c of Vernon's Anno-
tated Civil Statutes. Since the combined
areas of the two districts exceeded 100
square miles such board ordered an elec-
tion to be held on June 24, 1939, upon the
question of grouping as required by ar-
ticle 2922c.

On June 23, 1939, the appellants, the
Wise Common School District and two of
its taxpaying citizens, filed suit against
the appellees, the County Board of School
Trustees of Castro County, the Hart In-
dependent School District and its trus-
tees, seeking relief enjoining the election,
canvassing and tabulating the returns
thereof and issuing any orders in con-
nection with the proposed grouping of
the two districts. A restraining order was
issued the day the petition was filed grant-
ing temporary relief as prayed for but was
later on the same day modified in such

manner that the election was permitted to be held the next day. The election resulted in 53 votes being cast in the Hart district in favor of the grouping and 12 votes in the Wise district against the grouping.

On August 9, 1939, a hearing was held on the application for a temporary injunction which culminated in a judgment on August 19, 1939, granting a temporary injunction, pending a final hearing, restraining the entering of any orders purporting to group the two districts but permitting the tabulation of the returns of the election. On January 11, 1940, at a hearing on the merits, the court dissolved the temporary injunction, thus denying the appellants any injunctive relief. It is from the dissolution of such temporary injunction that this appeal is prosecuted.

The principal issues presented in this case have just recently been decided by this court in the case of County Board of School Trustees of Hale County, Texas et al. v. Mayfield Common School District No. 22 et al., Tex.Civ.App., 140 S.W. 2d 956, which cause originated in the same judicial district as did the instant case. We therefore pretermit an extended discussion of these same issues.

■ No contention is made that the grouping was defeated by the fact that all the votes cast in the Wise district were against the proposition. There were only two districts involved in the election and a majority of the vote cast in the entire proposed district was in favor of the grouping. We think it is settled that where the proposed district does not contain more than seven elementary districts the will of the majority in the entire proposed district, and not the will of the majority in the individual districts, governs the election. County Board of School Trustees of Hale County, Texas, et al. v. Mayfield Common School District No. 22 et al., supra; Cox et al. v. Beard et al., Tex.Civ.App., 87 S.W.2d 882, writ refused; Florey Common School Dist. No. 5 of Andrews County et al. v. County Board of School Trustees of Andrews County et al., Tex.Civ.App., 126 S.W.2d 536, writ refused.

■ The appellants contend that the order of the Board of School Trustees grouping the districts was invalid because the real purpose of the board was not to establish a rural high school but merely to annex the Wise district to the Hart district. They further assert that the grouping of the two districts was unwarranted, arbitrary and discriminatory and therefore void. It is our opinion these assignments are not supported by the record. Suffice it to say that there is no showing of an abuse of discretion, bad faith or fraudulent conduct upon the part of the board, which seems to be the only manner in which the action of such a body, in grouping school districts in keeping with the above statutes, may be successfully attacked. These assignments are therefore without merit. Bell et al. v. Kirkland et al., Tex.Civ.App., 41 S.W.2d 443, writ refused; Young County Board of School Trustees v. Bailey et al., Tex.Civ. App., 61 S.W.2d 130, writ refused; 37 Tex.Jur. 895, para. 37.

■ As in the Mayfield Common School District case, supra, the appellants herein vigorously assail the law granting authority to the county boards of school trustees to group or annex school districts, alleging the same to be unconstitutional because such law allegedly delegates legislative authority to such boards. We held in the Mayfield Common School District case that the constitutionality of this law is no longer an open question. In view of the many authorities supporting our position in this respect we are not inclined at this time to depart from our former holding on this issue. The assignment of the appellants urging the unconstitutionality of the law in question is therefore overruled. McPhail et al. v. Tax Collector of Van Zandt County et al., Tex.Civ.App., 280 S.W. 260, writ refused; Henderson et al. v. Miller et al., Tex.Civ.App., 286 S.W. 501, writ refused; Ivey et al. v. Keeling et al., Tex.Civ.App., 15 S.W.2d 1097, writ refused, 281 U.S. 699, 50 S.Ct. 352, 74 L.Ed. 1126; Lee v. Leonard Independent School Dist., Tex.Civ.App., 24 S.W.2d 449, writ refused; Butman et al. v. Jones et al., Tex.Civ.App., 37 S.W.2d 840, writ refused; Stinson et al. v. Graham et al., Tex.Civ.App., 286 S.W. 264, writ refused; State v. Brownson et al., 94 Tex. 436, 61 S.W. 114; Webb County v. Board of School Trustees of Laredo, 95 Tex. 131, 65 S.W. 878.

The judgment is affirmed.