**DAWN COMMON SCHOOL DIST. NO. 2 et al. v. COUNTY SCHOOL BOARD OF SCHOOL TRUSTEES OF DEAF SMITH COUNTY.**

No. 5804.

Court of Civil Appeals of Texas. Amarillo.

Oct. 6, 1947.

Rehearing Denied Nov. 10, 1947.

W. H. Russell, of Hereford, for appellants.

James W. Witherspoon, of Hereford, for appellee.

LUMPKIN, Justice.

Seeking to declare void an election authorizing the creation of the Hereford Rural High School District and to enjoin the County School Board of School Trustees of Deaf Smith County, Texas, from consolidating and creating the Hereford Rural High School District, the appellants, Dawn Common School District No. 2, acting through H. V. McCabe, W. R. Galley, and F. T. Fain, the board of trustees, who are parties to this suit both as individuals as well as in their official capacities, filed this suit against the appellee, County School Board of School Trustees of Deaf Smith County.

This case was submitted to the court without the intervention of a jury and resulted in a judgment denying the appellants the relief they sought. The appellants duly excepted to the trial court's judgment and have perfected their appeal to this court.

From the record it appears that on January 4, 1937, the County School Board of School Trustees for Deaf Smith County, acting in accordance with Article 2922c, Vernon's Annotated Civil Statutes, called an election for the purpose of determining whether or not a rural high school district should be created. This district was to be formed from the existing Hereford Independent School District and Common School Districts Nos. 2, 4, 5, 7, and 8, and was to be known as the Hereford Rural High School District. All the common school districts involved are contiguous to the Hereford Independent School District. The combined area of the five common school districts and the Independent School District is more than 100 square miles. All of these districts, both independent and common, are in Deaf Smith County. The Hereford Independent School District is a rural independent school district comprising 72 sections of land, and its high school facilities are located in the City of Hereford, the county seat of Deaf Smith County. The five common school districts are rural.

As a result of the election, held February 8, 1947, a total of 668 votes were cast favoring the creation of the rural high school district, and 354 votes were cast against the measure. The Hereford Independent School District cast 586 votes for the formation of the high school district to 64 votes against. Each of the common school districts cast a majority of its votes against creating the Hereford Rural High School District. The Dawn Common School District No. 2 cast a vote of 74 to 16 against the proposal, and the total vote of the five common school districts was 290 to 82 against creating the district.

The evidence reveals that Common School District No. 4 maintained no schools of any kind, and all of its thirty-four scholastics, both elementary and high school, attended the schools maintained by the Hereford Independent School District; that twenty-eight scholastics of Common School District No. 5 were attending the Hereford Schools, although this district did maintain elementary schools; that Common School District No. 7 supported a solitary one-teacher elementary school, sending sixty-eight of its scholastics into Hereford; that Common School District No. 8 supported no schools, and its fifty-six scholastics were transported by bus to the schools located in Hereford.

The appellant, Dawn Independent School District No. 2, supported elementary schools, though of course no high school. Its high school scholastics were carried by bus to the West Texas State College Demonstration School at Canyon, Randall County. Randall County lies immediately to the east of Deaf Smith County; and whereas Dawn is twelve miles from the Hereford High School, it is twenty miles from the demonstration school at Canyon.

In six points of error the appellants attack the court's judgment on the following three grounds: first, under the circumstances of this case, the appellee was not empowered by Article 2922c, Vernon's Annotated Civil Statutes, to call an election for the purpose of creating a rural high school district; second, in its actions, method, and manner of attempting to create the Hereford Rural High School District, the appellee abused its discretion and perpetrated a legal fraud on the five common school districts; third, Article 2922c is unconstitutional in that it is discriminatory, provides for taxation without representation, and is an example of class legislation.

In our opinion the trial court correctly held that acting under the authority granted it by the Legislature in Article 2922c, the appellee was acting within the scope of its powers in calling an election to determine whether such a rural high school district should be established; and after the election of February 8, 1947, in which a majority of the qualified voters in the proposed district voted for the creation of the rural high school, the county school board was continuing to act within its authority when it ordered the Hereford Rural High School formed.

The appellant evidently is under the impression that the County School Board of

School Trustees had no authority other than to annex the various common school districts to the Hereford Independent School District under Article 2922a; that to do otherwise was to abolish the Hereford Independent School District in violation of Article 2922b. The appellants assert that the County School Board of School Trustees did not have the authority to call an election on the issue of creating a rural high school district where the independent school district involved has a scholastic population in excess of 250 or the common school districts to be annexed have a scholastic population of less than 400; that under such circumstances an election is not required, and the proper procedure is to obtain the consent of the boards of trustees of the various districts.

The appellants are incorrect in this assertion. To bring an election of this nature within the purview of Article 2922c, only two facts are essential: the proposed rural high school district shall contain an area of more than 100 square miles; the number of elementary districts involved must not be more than seven. Nothing is said in the statute as to the scholastic population of either the common or the independent school districts. By its own language the statute is limited to the number of elementary districts and the number of square miles contained in the proposed rural high school district.

A similar situation was passed on by this court in the case of County Board of School Trustees of Hale County et al. v. Mayfield Common School District No. 22 et al., Tex. Civ.App., 140 S.W.2d 956, dismissed judgment correct. In that case the Hale Center Independent School District had a scholastic population of over 250; in this case it is admitted that the number of scholastics enrolled in the Hereford Independent School District was in excess of 250; in that case the number of common school districts was four in number, each with less than 400 scholastics; the same situation is to be found in the five rural districts concerned in this case. Obviously in both cases the number of districts involved is less than seven. In both cases the districts are contiguous, and the aggregate area of the districts in each case is in excess of 100 square miles. This court held that the County School Board of School Trustees of Hale County had the authority under Article 2922c to call an election to determine the question of forming a rural high school district.

In construing Article 2922c, our courts have consistently held that the Legislature gave county school boards of school trustees the authority to call such elections in areas possessing the two requisites we have set forth above; and although, as the appellants argue here, this rule may seem unfair to those common school districts which are situated adjacent to independent school districts, such is the law. Although, as in this case, the majority of votes cast in the rural districts was against the creation of the rural high school district, our courts have held that such is not essential: a majority vote in favor of forming the proposed district throughout the area is sufficient under the law. As this court has previously stated, if the common school districts consider that this interpretation of the law will perpetrate an injustice, then they must address their grievance to the Legislature rather than to the courts. Countz et al. v. Mitchell et al., 120 Tex. 324, 38 S.W.2d 770; Cox et al. v. Beard et al., Tex.Civ. App., 87 S.W.2d 882, writ refused; County School Trustees of Callahan County et al. v. District Trustees of Dist. No. 15 (Hart) Common School Dist. of Callahan County et al., Tex.Civ.App., 192 S.W.2d 891, writ refused N.R.E.

Nor can we agree with the appellants in their contention that the appellee perpetrated a legal fraud on the five common school districts by the manner in which the Hereford Rural High School District was created. Fraud, legal or otherwise, is neither alleged nor shown by the evidence. There is no evidence of lack of good faith or abuse of discretion on the part of the appellee.

The alleged fraud of which the appellants complain is probably in the fact that the Board of Trustees of the Dawn Common School District No. 2 was not consulted and did not consent to the calling of the election for the purpose of determining whether the Hereford Rural High School District should be created. When the pro-

cedure followed by the county board is the one provided by Article 2922c, the consent of the boards of trustees of the various districts is not necessary. Florey Common School District No. 5 of Andrews County et al. v. Board of School Trustees of Andrews County et al., Tex.Civ.App., 126 S.W.2d 536, writ refused.

The fact that the result of the election might circumvent the will of the majority voters of the Dawn Common School District No. 2 does not, in our opinion, indicate fraud, bad faith, or abuse of discretion on the part of the appellee. Article 2922c provides that rural high school districts containing more than 100 square miles may be formed "as provided in Article 2922a * * * upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose." Regardless of the outcome of the election in some of the common school districts involved, it is clear that the statute warrants the forming of such a high school district if a majority of the electors over the proposed area vote for its creation. Trinity Independent School Dist. v. District Trustees, Dist. 24, Trinity County et al., Tex.Civ.App., 135 S. W.2d 1021, writ refused.

The appellants do not contend that the election of February 8, 1947, was irregular or that it was improperly held.

We do not agree with the appellants' contention concerning the constitutionality of Article 2922c. We do not believe the statute comes under the classification of class legislation, nor do we believe that it amounts to taxation without representation or the taking of property without due process of law. In Articles 2922a and 2922c the Legislature has granted to county school boards of school trustees great latitude in the establishment of rural high schools. The fact that the Legislature has the constitutional authority to grant such broad powers to county boards of school trustees has been settled by our courts on many occasions. Henderson et al. v. Miller et al., Tex.Civ.App., 286 S.W. 501, writ refused; Ivey et al. v. Keeling et al., Tex. Civ.App., 15 S.W.2d 1097, appeal dismissed; Prosper Independent School Dist. et al. v.

County School Trustees et al., Tex.Com. App., 58 S.W.2d 5; County School Board of Angelina County et al. v. Homer Common School Dist. et al., Tex.Civ.App., 291 S.W. 268; Young County Board of School Trustees v. Bailey et al., Tex.Civ.App., 61 S.W.2d 130, writ refused.

Article 2922c is a general statute. County Board of School Trustees of Limestone County v. Wilson et al., Tex.Civ. App., 5 S.W.2d 805. Probably in its general application this statute applies only to a limited number of common school districts; however, it does apply to all common school districts coming within its terms; and, in our opinion, it is neither unconstitutional nor discriminatory. O'Brien et al. v. Amerman et al., 112 Tex. 254, 247 S.W. 270; Hunt et al. v. Atkinson, County Judge, et al., Tex.Com.App., 12 S.W. 2d 142; Lewis et al. v. Simmonds et al., Tex. Civ.App., 23 S.W.2d 504, appeal dismissed.

We have carefully examined the record in this case; finding no error, we affirm the judgment of the trial court.