**EDWARDS et al. v. ROBERTS,**
*County Attorney.*

No. 4758.

Court of Civil Appeals of Texas. El Paso.
July 26, 1950.

Rehearing Denied Sept. 20, 1950.

Joe E. Briscoe, Devine, for appellants. .

Kampmann & Burney, San Antonio, for appellee.

## PER CURIAM.

This is an appeal from the judgment of the District Court of Bandera County, 38th Judicial District, refusing to sustain a contest of an election as to the annexation of Pike Creek Common School District No. 21, of Bandera County, to the Bandera Rural High School District No. 1.

In substance we shall adopt as a preliminary statement the statement of appellants J. B. Edwards and Milton Lewis as to the nature of the case. This is a proceeding by J. B. Edwards and Milton Lewis, President and Secretary respectively of Pike Creek Common School District No. 21 of Bandera County, contesting as property owners and tax payers the election wherein their school district was annexed for High School purposes by Bandera Rural High School District No. 1, the voting being 155 for annexation and 151 against. Upon the trial judgment was entered upholding the annexation and holding the election carried in favor of annexation by a vote of 153 to 150.

The points complain of the rejection of evidence that the election was invalid because Art. 2806, R.S., Vernon's Ann.Civ. St. art. 2806, was not complied with as to petition of 20 voters, and that Art. 2922aa governing consolidation of rural high school districts with common school districts must be construed together with Art. 2806; that the notices required by Art. 2806 were not prepared in accordance with law; that they were altered beyond a reasonable possibility of understanding them; that they had been prepared for grouping, or consolidation of districts, and were altered to show an annexing; that the court should have found by the overwhelming evidence that the proper notices were not posted for full twenty days. Complaint is made of the court permitting that the vote of Walter Buck should be counted in favor of contestee. That the court erred in not permitting the vote of Mrs. G. L. Vawter to be counted because she was a lawful voter. She voted against annexation; the court committed error in permitting the votes of Vane and Vida Stevens to be counted. Each of them voted in favor of annexation.

The authority for the District Court to entertain jurisdiction in election contests such as we have here is found in Section 8 of Art. 5 of our Constitution as same was amended in 1891, Vernon's Ann.St. Statutory authority and provisions relating to the procedure are to be found in Articles 3069, 3070. By reference Articles 3042, 3044 relating to election contests are, insofar as applicable to an election such as this, made a part of the procedure.

There is grave doubt in our mind as to whether there is jurisdiction here to consider this appeal. This on account of the fact that the transcript fails to show notice was served on contestee as required by Art. 3070, R. S. It is true the petition was properly filed in due time, and contestee answered, but it does not appear from the transcript that notice as required by 3042 and 3044 was ever served on the contestee. It has been held that without a showing of actual service, even though contestee answered, the District Court is without jurisdiction to hear the contest. Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287; Maddox v. Commissioners' Court of Palo Pinto County, Tex.Civ.App., 222 S.W.2d 475.

In view of the cases of Sewell v. Chambers, Tex.Civ.App., 209 S.W.2d 363, and Cain v. Farris, Tex.Civ.App., 212 S.W.2d 250, we have decided to consider this appeal on the merits. It is to be borne in mind that here the only evidence that notice was served as required is to be inferred from the fact that contestee answered.

· The trial court made up and filed findings of fact and conclusions of law which intrinsically evidence great care and attention to the trial of the case and a clear grasp of the legal principles involved. Finding of Fact No. 10 is as follows: "I find that the election for the annexation of the School District was called by the County Board of Trustees of Bandera County upon their own motion and there was no petition presented to said Board requesting that said election be called."

Under this finding contestants contend that judgment should have been rendered in their favor. The contention is that Art. 2806, R. S., required such a petition, that in Art. 2922aa, R. S. it is provided that when there is a consolidation between a rural high school already formed and a consolidation with a contiguous common school district upon an election being held in their respective districts, said election is to be held in conformity with Art. 2806. However, here there is not a consolidation involved. It is elementary in cases of consolidation of a common school or elementary school district that same lose their identity. In case of the formation of a rural high school district by a grouping of districts or by the annexation of such districts the elementary school districts do not lose their identity. Later on in this opinion we shall briefly discuss this matter. In case of grouping districts to form a rural high school district or the annexation of a district or districts Art. 2806 has no application. See Mt. View Common School Dist. et al., v. Blanco County Board of Trustees, Tex.Civ.App., 149 S.W.2d 224.

Here the County Board of Trustees beyond any question relied on Art. 2922a and 2922c as authorizing the procedure taken. Each of the foregoing Articles was amended by the 50th Legislature. The portion of Art. 2922a deemed applicable here is as follows: "In each organized county in this state, and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred (400) scholastic population and independent school districts having less than two hundred fifty (250) scholastic population, for the purpose of establishing and operating rural high schools; provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent district having two hundred fifty (250) or more scholastic population."

The part of Art. 2922c, R. S., Vernon's Ann.Civ.St. Art. 2922c, deemed applicable here is as follows: "No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than ten elementary school districts, except that the county school board of school trustees may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose".

Art. 2922b provides: "Rural high school districts as provided for in the preceding article shall be classed as common school districts, and all other districts, whether common or independent, composing such rural high school district shall be referred to in this Act as elementary school districts".

Finding of Fact No. 2 of the trial court is as follows: "I find that the Pike Creek Common School District No. 21 was common school district contiguous to the Bandera High School District No. 1 and County Board of School Trustees ordered an

election to be held to determine if said common school district should be annexed to said rural high school district; that said proposed new district did not contain an area of more than 100 square miles nor as many as seven elementary school districts."

■■ The case of Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770 authoritatively establishes that the county Board of Trustees was authorized to call this election, canvass the returns and declare the result. See also Trinity Independent School District v. Dist. Trustees, District 24, Tex. Civ.App., 135 S.W.2d 1021. It is true these cases were before the 1947 amendment to Art. 2922a and Art. 2922b, but the amendment does not forbid such election and the School Board still has the power to canvass the result and declare the returns and the consequences of the election. If there be power in the County School Board to provide for the annexation of this common school district to the rural high school district without an election then the fact that an election was held would not impair the validity of their order annexing the common school district to the high school district.

■■ The appellants here have the burden of pointing out and sustaining by the record wherein the judgment of the trial court is erroneous. There is, we think, a presumption that the action of the trial court and the county board of trustees conformed to the law. District Trustees of Midway Common School Dist. No. 7 v. County School Trustees of Leon County, Tex.Civ.App., 203 S.W.2d 860.

Finding of Fact No. 11 is as follows: "I find that the County Judge and County School Trustees posted notices of the election at more than one place in Bandera voting district and in the Pike Creek voting district in which notices it was stated that the election would be held on October 29, 1949, that said notices and the order calling the election in some places referred to annexation and in other places grouping, but that no one was confused by the wording of said notices and order and no one cast a vote at said election in a man-

ner different than he would have cast said vote had the wording in said notices and order been consistent throughout; that said notices were dated October 5, 1948". (This date of October 5, 1948 is evidently a clerical error. Copy of the original notice was sent up as an exhibit with the Statement of Facts and same shows to be dated October 5, 1949.) As to the claimed changes in the notice made after same was posted the evidence was conflicting. A finding must be attributed to the trial judge, we think, that the notices were not so changed after same were posted and that same were posted for the time required by law. There seems to be misunderstanding as to the effect of the annexation of Pike Creek School District to the High School District. In relation thereto Texas Jurisprudence, p. 901, Section 41, is as follows: "Where districts are grouped or annexed under the Rural High School Act the grouping does not have effect of abolishing the several component districts, each district retains its identity and separate elementary schools must be maintained therein. The ownership of the school buildings of the several districts remains the property of such districts and cannot by it be divested or impaired by the trustees of the group district; the districts are merely grouped for high school purposes and the group board is placed in charge of all schools, thus abolishing the several district boards." See also Trinity Independent School Dist. v. District Trustees, Dist. 24, Tex.Civ.App., 135 S.W.2d 1021; Live Oak County Board of School Trustees v. Whitsett School Dist., Tex.Civ.App., 181 S.W.2d 846, (Wr. Ref.); Weaver v. Board of Trustees and Wilson Ind. School Dist., Tex.Civ.App., 184 S.W.2d 869.

Appellants' points of error complaining of the court's rejection of evidence are without merit and are overruled.

The Board of County School Trustees of Bandera County met on November 1, 1949, and canvassed the returns of the election held on October 29, 1949. The Board found that in Bandera Rural High School District No. 1 and Pike Creek Common School District No. 21 there were 155 votes cast for annexation and 151 votes

cast against annexation, and declared that a majority of the legally qualified voters voting at said election voted for annexation, and declared and ordered that Bandera Rural High School District and Pike Creek Common School District No. 21 be annexed.

Appellants complain of the court's failure to eliminate three votes cast for annexation and of his action in eliminating one vote cast against annexation.

■■ Walter Buck, a resident of Pike Creek Common School District No. 21 voted in favor of annexation. He was driven from his farm, a distance of about eight miles, to within 40 or 50 feet of the door where the polls were located, by his nephew R. V. Buck, who had come to his farm in his (R. V. Buck's) trailer for the purpose of helping Walter Buck move some grain. Walter Buck paid him for this service. Walter Buck suggested that R. V. Buck: take him to the polls. There is evidence that R. V. Buck had been active in favor of annexation but the evidence is undisputed that he in no way attempted to influence Walter Buck as to how he should vote. Appellants contend that Art. 3025, Vernon's Ann.Civ.St., is applicable and that under these circumstances the vote of Walter Buck was illegal and should have been eliminated. We overrule this point. The Statute was never intended to apply to the situation here presented. Coward v. Williams, Tex.Civ.App., 4 S.W.2d 249, loc. cit. 251(9); Ramsay v. Wilhelm, Tex.Civ.App., 52 S.W.2d 757, loc. cit. 761, (13, 14) (wr. ref.). Further, no penalty is provided for violation of the Statute, Markowsky v. Newman, Tex.Civ.App., 138 S.W.2d 896, therefore the court did not err in counting the vote cast by Walter Buck.

■■ Mr. Vane Stevens and his wife, Vida Stevens, voted in the Bandera Rural High School District No. 1 in favor of annexation. The evidence shows that they owned a tract of about 40 acres of land in that district which they cultivated and on which they maintained a home with furniture, and on which they raised some chickens. On August 5, 1948, more than a year prior to the election, Mr. Stevens was employed to manage the McBride Ranch consisting of about 325 acres in the Pike Creek Common School District. He spent most of his time there and Mrs. Stevens and their daughters lived with him in a small house on the McBride Ranch most of the time during the summer months and for a portion of the time during the remainder of this period. During all of this time they made frequent trips to the home in the Bandera Rural High School District and they testified that they always considered that their home, and that their residence on the McBride place was temporary. They had procured their poll taxes in the Bandera District and had voted there in previous elections. Appellants contend that the overwhelming preponderance of the evidence showed that at the time of the election they were residents of Pike Creek Common School District No. 21, and therefore their votes were illegal and should not have been counted. We overrule this point. Under the evidence the question of residence of Mr. and Mrs. Vane Stevens within the purview of Art. 2958, Vernon's Ann.Civ.St. was a question of fact which was determined adversely to appellants by the trial court. He could properly consider the testimony of the Stevens as to their intention, that their home was in the Bandera District. McBride v. Contu, Tex. Civ.App., 143 S.W.2d 146; Lee v. Whitehead, Tex.Civ.App., 182 S.W.2d 744. The trial court's findings and conclusion on this point are binding on this court and will not be disturbed.·

■ Mrs. G. L. Vawter was ill and bedridden on the date of the election. At her request two election judges took a ballot to her at her home. She marked the ballot against annexation, folded it, signed it and separated the stub from the ballot. The ballot and stub were then taken by one of the election judges and the ballot was deposited by such judge in the ballot box, and the stub in the stub box. Under the express provision of Art. 3012, Vernon's Ann.Civ.St., as amended, unless the ballot is deposited in the ballot box and the stub in the stub box *by the voter in person* (emphasis ours) the same shall not be counted as a vote. Therefore the court did not err

in eliminating the vote of Mrs. G. L. Vawter.

It is ordered that the judgment of the trial court be and it is in all respects affirmed.