The Honorable Claud Cash State Representative 13477 Highway 463 North Trumann, Arkansas, 72472
Dear Representative Cash:
This is in response to your request for an opinion on the following question:
 Can an agency supported solely from fees not deposited into the State Treasury (cash funds) continue to operate without an appropriation act passed by the General Assembly?
You indicate that your question has reference to the Arkansas Water Well Construction Commission for which the General Assembly failed to pass a budget.
It is my opinion that the answer to this question is that although the agency retains its statutory powers and duties, and in this sense can "continue to operate," the agency cannot spend any "cash funds" without an appropriation.
The Arkansas Water Well Construction Commission is created at A.C.A. §17-43-201(Repl. 1992). Section 17-43-206 of that same subchapter provides as follows:
 All fees, civil penalties, or payments of any type collected by the committee [sic] under this chapter shall be deposited in one (1) or more banks qualifying for the deposit of public funds to be used by the committee [sic] for the proper administration of this chapter, which deposits shall be audited under the rules and regulations prescribed by the Department of Finance and Administration.
This provision was originally enacted in 1969, and does not appear to require an appropriation to expend the "cash funds" collected by the Commission. This statute requires only an "audit" of such expenditures by DFA. The statute is consistent with constitutional requirements, as the Arkansas Constitution does not require an appropriation of funds which are not deposited into the State Treasury. See Gipson v. Ingram,215 Ark. 812, 233 S.W.2d 595 (1949), and Arkansas Constitution, art. 5, §29.
In 1975, however, the legislature enacted a statutory requirement subjecting such "cash funds" to appropriation. Section 19-4-802(a) of the Arkansas Code provides that: [c]ash funds of the various state agencies as defined in § 19-4-801[1] shall be budgeted and proposed expenditures approved by enactments of the General Assembly." This statute would thus, in my opinion, supersede the statute set out above and require an appropriation of any cash funds expended by the Water Well Construction Commission.
Thus although the Commission retains its statutory powers and duties under the Arkansas Code, it can make no expenditures of its "cash funds" without an appropriation by the General Assembly.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The Arkansas Water Well Construction Commission falls within this definitional section, which includes "all boards, commissions, departments, agencies, institutions, offices or officers, state-supported institutions of higher learning, and any other office or unit of government of the State of Arkansas created or established pursuant to law or pursuant to any action of the Governor, functioning under appropriation made by the General Assembly or functioning as a representative of the state without appropriation of the General Assembly." See A.C.A. § 19-4-801(1)(A). Additionally, the Commission is not excluded from the definition under A.C.A. § 19-4-801(1)(B).