## MARKOWSKY et al. v. NEWMAN et al.

### No. 10923.

Court of Civil Appeals of Texas. Galveston.

March 14, 1940.

Rehearing Denied April 4, 1940.

Lewright, Dyer & Sorrell, of Corpus Christi, for appellants.

E. A. Tully, Jr., City Atty., John J. Bell, and H. W. Wallace, all of Cuero, for appellees.

CODY, Justice.

This is a contested bond-election case, which was tried without a jury. The election was held in the City of Cuero on November 29, 1938. The proposition submitted to the qualified voters was whether the City of Cuero should issue $150,000 of lighting and power system revenue bonds for the purpose of constructing and installing its own electric lighting and power system. The next day the returns were canvassed, and as a result it was declared that the proposition for the issuance of the bonds had been carried by a majority of 85 votes. As a result of the contest brought by appellants, the court found that 61 of the persons who had voted had cast illegal ballots, which was not sufficient to affect the result of the ballot, and overruled the contest.

The trial court sustained an exception to appellants' allegations that 353 persons had participated in the election who were not qualified voters because they had not voluntarily rendered their property for taxation, and had not rendered their property for taxation on or before April 1, 1938, pursuant to the requirements of Article 1043, R.S.1925, Vernon's Ann.Civ.St. art. 1043,

Article 2955a, which is framed on Art. VI, Section 3a, of our Constitution, Vernon's Ann.St., provides that when an election is held by any city for the purpose of issuing bonds only qualified electors who own taxable property in the city, etc., when such election is held, and who had duly rendered the same for taxation, shall be

qualified to vote. We certified, among others, these questions to the Supreme Court:

"Did the court err in sustaining the exception aforesaid (which is quoted in full in the certificate), and thereby holding in effect what the Honorable Fort Worth court held, namely, that assessment of property for taxation by the assessor will satisfy the legal requirement for qualification to vote in a bond-election equally with the voluntary rendition of his property for taxation by a property-owner?" Which the Supreme Court answered, "No".

"Is Article 1043 mandatory, or merely directory?" To which the Supreme Court has returned an answer which we construe as "No". Gus A. Markowsky et al. v. J. T. Newman et al., which is numbered 7594 in the Supreme Court of Texas, and filed in that Court February 21, 1940, and which appears in 136 S.W.2d 808.

Appellants' assignments of error based on the theory that the correct answers to the above questions should be "Yes", are accordingly overruled.

It abundantly appears that some of the partisans for the bond-issue caused some voters to be hauled to the polls who were physically able to go to the polling place without assistance, contrary to Art. 3025, R.S.1925. There seems to be no penalty attached to such violation. No authority was cited for the proposition that a violation of this statute renders the ballot of the offending voter illegal. And from the evidence it would appear that this reprehensible practice was not confined to partisans of the bond-issue. Furthermore, it would seem impossible to say that if the ballots of the offending voters were not counted the result of the election would have been different. It further appears that counsel for appellants, when contestees presented an exception to the part of the petition which alleged that voters were hauled to the polls and the court sustained it, agreed that such exception was correctly sustained.

It was not reversible error for the trial court to sustain appellees' objection to the question propounded to the witness Wasserman, presiding judge of one of the election boxes, which would have elicited the information that he voted for the bonds, because under the pleadings and proof it was not material. There was no allegation or proof that challenged the good faith of the witness in making returns of the vote. "The test of whether a fact

inquired about on cross-examination is collateral to the issue is this: Would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea? Or whether the question and answer which is proposed to be contradicted would be admissible if proposed by the party calling him." (Citing authorities). Dooley v. Boiders, Tex.Civ.App., 128 S.W. 690, 692. See also Ellerd v. Murray, Tex. Civ.App., 247 S.W. 631.

The case was tried before the court without a jury. So we cannot see how it could be possibly held that the ruling was a violation of the trial judge's sound discretion. Allison v. Wheless, Tex.Civ.App., 84 S.W.2d 529, 530; Taylor v. McFatter, Tex.Civ.App., 109 S.W. 395.

We believe there was no evidence of fraud, dishonesty, or error of the election officials, in calling and tabulating the votes and making returns produced in this case. Mere allegations will not be sufficient to justify an invasion of the secrecy of the ballot box in order to see if, by such invasion, they can, peradventure, be sustained. Altgelt v. Callaghan, Tex.Civ.App., 144 S.W. 1166; 20 Corpus Juris, 254, Sec. 352a; Sec. 353b.

The judgment of the trial court should be sustained; and it is so ordered.

Affirmed.

GRAVES, J., having disqualified himself, did not sit.