

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 28, 1947

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. V-220

Re: Qualifications of peti-
tioners and voters in an
election to be held the
latter part of July, 1947,
in Galveston County to au-
thorize the issuance of
bonds to establish a coun-
ty hospital.

Your request of May 1, 1947 submits the follow-
ing:

"I respectfully request that you give
me an opinion defining the qualifications
of petitioners and voters in a bond elec-
tion to establish a County Hospital to be
held in Galveston County during the latter
part of July, 1947, asking particularly for
your construction of the Supreme Court's
opinion in the case of Gus A. Markowsky, et
al vs. J. T. Newman, et al, 136 S. W. 2d,
808. Your attention is directed to Opinion
No. O-2126 rendered May 21st, 1940, by the
Hon. Gerald C. Mann, Attorney General of
Texas."

Article 4478, Revised Civil Statutes of Texas
provides in part:

"At intervals of not less than twelve
months, ten per cent of the qualified prop-
erty tax paying voters of a county may peti-
tion such court to provide for the estab-

lishing or enlarging of a county hospital
. . ."

Section 3a of Article VI of the Constitution
reads:

"When an election is held by any coun-
ty, or any number of counties, or any poli-
tical sub-division of the State, or any pol-
itical sub-division of a county, or any de-
fined district now or hereafter to be de-
scribed and defined within the State and
which may or may not include towns, villages
or municipal corporations, or any city, town
or village, for the purpose of issuing
bonds or otherwise lending credit, or
expending money or assuming any debt,
only qualified electors who own taxable
property in the State, county, political
sub-division, district, city, town or
village where such election is held, and
who have duly rendered the same for tax-
ation, shall be qualified to vote and
all electors shall vote in the election
precinct of their residence. (Sec. 3a,
Art. 6, adopted election Nov. 8, 1932.)"

Article 2955a of Vernon's Civil Statutes is substantially
the same as Section 3a of Article VI of the Constitution.

We are of the opinion that persons who are not
disqualified to vote by Section 1 of Article VI of the
Constitution and who have paid their poll tax before the
first day of February preceding such election, or are ex-
empt from such payment, and who are over 21 years of age,
are citizens of the United States and have resided in
Texas one year next preceding an election and the last
six months within the county in which they offer to vote
and own taxable property in such district or county,
which has been assessed for taxes, before they sign a
petition for an election to issue bonds or offer to vote
at such election, are qualified signers of such a peti-
tion and qualified voters at such election.

We respectfully refer you to Sections 1 and 2
of Article VI of the State Constitution; Articles 2955 and
2959-2968a of Vernon's Civil Statutes pertaining to exemp-
tions from poll tax requirements.

We note your request for an opinion construing the case of Markowsky vs. Newman, 136 S. W. 2d, 808. That case involved the question of eligibility of voters at an election held on November 29, 1938, who, as stated by the court, had not rendered their property for taxes until long after June 30, 1938. The Court of Civil Appeals certified three questions to the Supreme Court for answers. Question No. 2 was not properly certified and it was not answered. Question Nos. 1 and 3 were answered. They are as follows:

"1. Did the court err in sustaining the exception aforesaid, and thereby holding in effect what the Honorable Fort Worth court held, namely, that assessment of property for taxation by the assessor will satisfy the legal requirement for qualification to vote in a bond election equally with the voluntary rendition of his property for taxation by a property-owner?

"3. Is R. S. Article 1043 mandatory, or merely directory?"

Preceding its answer to question No. 1, the Supreme Court makes plain that the question of eligibility of a taxable property owner, who has not rendered his property for taxes, but whose property has been assessed by the assessor, is not in that case. In that regard, the Court said:

"A consideration of the pleadings, to which the trial court sustained a special exception, demonstrates that contestants challenged the votes of electors because such electors had not rendered their property for taxes to the City of Cuero within the time prescribed by Article 1043, Vernon's Annotated Civil Statutes, 1925. It was averred that such electors had not 'duly rendered' their property for taxation to the City of Cuero, but that allegation is only a dogmatic conclusion. However, in the same pleading it is specifically alleged that said electors 'rendered his or their property for taxation to the City of Cuero until long after June 30, 1938'. When the trial court acted upon the special exception he was required to determine the legality of a rendition of

property for taxation to the City of Cuero made by the owner thereof <u>after the time re-</u> <u>quired by the quoted statute.  He was not re-</u> <u>quired to pass on the question decided by the</u> <u>Honorable Court of Civil Appeals at Fort Worth</u> <u>in the case of Texas Public Utilities Cor-</u> <u>poration v. Holland, 123 S. W. 2d 1028.</u> <u>There the property owner had not listed his</u> <u>property to the city, but the same had been</u> <u>placed upon the tax rolls by the assessor</u> <u>and collector of said city or such property</u> <u>had been listed by an agent of the property</u> <u>owner.</u>  According to the pleading quoted in the certificate the challenge here made is grounded upon the fact that the property own- er did not 'duly render' his or her property for taxation to the City of Cuero on or be- fore April 1, 1938, and in the event the City of Cuero had changed its fiscal year to com- mence April 1, 1938, that such renditions were not made within the three months' period beginning April 1, 1938, and that actually none of said 353 voters rendered his or their property for taxation to the said city of Cuero until long after June 30, 1938'."(Em- phasis added)

After a full discussion of the history of the constitutional and statutory provisions relative to the rendition of property for taxes, and mentioning the fact that the pleading in the case merely challenged the eligi- bility of property owning voters on the ground that they had not rendered their property <u>until long after June 30,</u> <u>1938,</u> the Court held such belated renditions sufficient to <u>qualify</u> such property owners to vote in a bond election held on November 29, 1938, if otherwise eligible.

In regard to the term "duly rendered" in the Constitution and Statute, the Court said:

"It might be further safely said that the good sought to be accomplished by this amend- ment was to induce owners of property to place it upon the tax rolls and become liable for its pro rata share of the taxes levied and assessed by the municipality.  Applying this construction to the constitutional amendment and the construc- tion placed upon our taxation statutes, <u>it can-</u> <u>not be said that the electors described in the</u>

pleadings quoted were not qualified electors within the purview of the amendment." (Emphasis added)

Questions Nos. 1 and 3 were answered as follows:

"The first question, after omitting the immaterial portion certified by the Court of Civil Appeals, is 'Did the court err in sustaining the exception aforesaid?' to which we answer in the negative.

"With reference to the third question, 'Is R. S. Article 1043 mandatory, or merely directory?' we answer in accordance with our conclusions above expressed that the Article 1043 with reference to time of rendition of property is directory. It must be understood that our answer to the third question is limited to the time element of the statute, because the facts of this certificate have only placed that question before us.'" (Emphasis added.)

Reduced to final analysis, the Supreme Court decided in the Markowsky case that Article 1043, Revised Statutes, is directory and that property owners whose property was rendered after April 30, 1938, were eligible to vote in a bond election held November 29, 1938, if otherwise eligible. The Court of Civil Appeals grounded its opinion in that case on the answers of the Supreme Court to said certified questions. (138 S. W. 2d, 896.)

We note your reference to Opinion No. O-2126, rendered May 21, 1940, by Honorable Gerald C. Mann, Attorney General. That opinion is to the effect that if rendition of property for taxes is made by an agent of the owner, or if such property is assessed by the tax assessor, the requirements of Section 3a of Article VI of the Constitution and Article 2955a of Vernon's Civil Statutes are met. The cases of Campbell v. Wright 95 S.W.2d, 149, and Texas Public Utilities Corporation vs. Holland, 123 S.W.2d, 1028, are cited in support of that opinion. Those cases decide that assessments made by the tax assessor are sufficient to meet the requirement of Section 3a of Article VI of the Constitution, that property be "duly rendered" in order for its owner to be eligible to vote in a bond election. The case of Dubose vs. Ainsworth, 139 S.W.2d, 307, is to the same effect. The Supreme Court dismissed applications for Writ of Error in the Public Utility and Dubose cases.

Parameter

We are of the opinion that if property is placed on the tax lists or rolls, regardless of whether the same is so placed by its owner, agent, or by the tax assessor, before the owner of it signs a petition for or offers to vote in a bond election, such owner is a qualified petitioner for and voter at such election, if otherwise qualified.

### SUMMARY

The owner of taxable property which has been rendered by himself or his agent, or by the tax assessor, before such owner signs a petition for, or offers to vote at a bond election, is a qualified petitioner and voter at such election, if otherwise qualified. Markowsky vs. Newman, 135 S.W.2d, 808, Hanson vs. Jordan, 198 S.W.2d,262; Texas Public Utilities Corporation vs. Holland, 123 S.W.2d, 1028; Tex. Const. Sect. 3a, Art. VI, V.C.S. Art. 2955a.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

APPROVED

ATTORNEY GENERAL

WTW:jrb