

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 20, 1961

Honorable C. W. Pearcy, Chairman
Committee on Congressional and
  Legislative Districts
House of Representatives
Austin, Texas

Opinion No. WW-1041

Re: Construction of Sections
26, 26a and 28 of Article
III of the Texas Constitu-
tion.

Dear Mr. Pearcy:

You have requested an opinion on the following ques-
tions:

"1. Section 26 provides that Counties in a
Legislative District shall be contiguous. With
reference to counties bordering on the Gulf of
Mexico that are not contiguous by land, could
two such counties be placed in the same Legis-
lative District because of being contiguous by
water only? In connection with this question
the Committee would also request an Attorney
General's Opinion as to how far into the Gulf
county lines are extended?

"2. With regard to the provisions of Sec-
tion 26a concerning counties over 700,000 in
populations, are such provisions mandatory?

"3a. With regard to Section 28, wherein
the Legislature is directed to apportion the
State 'agreeable to the provisions of Sections
25, 26 and 26a of this Article,' would this
mean such apportionment must strictly comply
with said Sections, in order not to be in con-
travention of the Constitution?

"3b. Along the same lines and with regard
to the same Section the following words appear:
    'In the event the Legislature shall
at any regular session, following the

publication of a United States decennial
census, fail to make such an apportionment,
same shall be done by the Legislative Re-
districting Board of Texas, etc.'

"Would this be interpreted as meaning that
'such' apportionment, if not 'agreeable to' the
provisions of Sections 25, 26 and 26a, would be
in contravention to the directive to the Legis-
ture in Section 28 sufficient to cause the Legis-
lative Redistricting Board of the State of Texas
to be required to act?"

Section 26 of Article III of the Constitution of
Texas provides as follows:

"The members of the House of Representa-
tives shall be apportioned among the several
counties, according to the number of popula-
tion in each, as nearly as may be, on a ratio
obtained by dividing the population of the State,
as ascertained by the most recent United States
census, by the number of members of which the
House is composed; provided, that whenever a
single county has sufficient population to be
entitled to a Representative, such county shall
be formed into a separate Representative Dis-
trict, and when two or more counties are required
to make up the ratio of representation, such
counties shall be contiguous to each other; and
when any one county has more than sufficient
population to be entitled to one or more Repre-
sentatives, such Representative or Representa-
tives shall be apportioned to such county, and
for any surplus of population it may be joined
in a Representative District with any other con-
tiguous county or counties."

The word "contiguous" as used in Section 26 of Article III of
the Constitution of Texas has not, insofar as we have been able
to determine, been construed by the judiciary of this State.
However, the same word as used in Article 2922a relating to group-
ing of school districts to form a rural high school district has
been defined. In Attorney General's Opinion No. 0-4180 (1941)
this office pointed out:

"'Contiguous' as used in Article 2922a, relating to the grouping of school districts to form rural high school districts, has been held to mean that the districts must so touch one another that all may be included in a common boundary line, without intervening spaces. See Beard v. Marshall, 32 S.W.(2d) 496, Elliot Common School District No. 48 v. County Board of School Trustees, 76 S.W.(2d) 786 (Writ dirmissed); Miller v. School Trustees of Milam County, 52 S.W.(2d) 806 (Writ Ref.). We are of the opinion that such is the meaning to be given to the word 'contiguous' as it is used in Article 2806. Any other construction would necessarily require the holding of several elections involving additional expense, delay, and inconvenience. We do not believe that such a construction was intended by the Legislature.

"It is, therefore, the opinion of this department that school districts are contiguous under Article 2806, Revised Civil Statutes, if they touch one another so that all may be included in a common boundary line. . . ."

It is our opinion that the definition of the word "contiguous" as used in Article 2922a is equally applicable to the definition of the word "contiguous" as used in Section 26 of Article III of the Constitution of Texas. You are, therefore, advised that a Representative District may be formed by two or more counties if they touch one another so that all may be included in a common boundary line, assuming, of course, that all other prerequisites of Sections 26 and 26a are complied with.

Section 1 of Article 1592a, Vernon's Civil Statutes, relating to the gulfward boundary lines of all counties of this State bordering on the coast line of the Gulf of Mexico provides as follows:

"Section 1. The gulfward boundary lines of all of the counties of this state bordering on the coast line of the Gulf of Mexico are hereby fixed and declared to be the continental shelf in the Gulf of Mexico."

However, in United States of America v. States of Louisiana, Texas, Mississippi, Alabama and Florida, 363 U.S.1, at 64, 80 S.Ct. 961 (1960), it was held that the marine boundary of the State of Texas extended three leagues seaward. You are therefore advised that the gulfward boundary line of all counties of this State bordering on the coast line of the Gulf of Mexico is three leagues seaward from the coast line.

Section 26a of Article III of the Constitution of Texas provides:

"Provided however, that no county shall be entitled to or have under any apportionment more than seven (7) Representatives unless the population of such county shall exceed seven hundred thousand (700,000) people as ascertained by the most recent United States Census, in which event such county shall be entitled to one additional Representative for each one hundred thousand (100,000) population in excess of seven hundred thousand (700,000) population as shown by the latest United States Census; nor shall any district be created which would permit any county to have more than seven (7) Representatives except under the conditions set forth above."

The above quoted provision has not been construed by the courts of this State. It is noted, however, that the provision thereof used mandatory language such as "no county shall be," "such county shall be," "nor shall any district be created," "except under the conditions set forth above." In view of the language used in Section 26a of Article III of the Constitution of Texas, you are advised that its provisions are mandatory.

Section 28 of Article III of the Constitution of Texas provides in part as follows:

"The Legislature shall, at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts, agreeable to the provisions of Sections 25, 26, and 26-a of this Article.
. . . "

In view of the provisions above quoted, you are advised redistricting bills enacted by the Legislature must comply with the provisions of Sections 25, 26 and 26a of Article III of the Constitution of Texas. The remaining provisions of Section 28 of Article III of the Constitution of Texas apply only if the Legislature fails to make an

apportionment in accordance with the above cited constitutional provisions.

### SUMMARY

Any act of the Legislature apportioning the State into senatorial and representative districts is required to comply with the provisions of Sections 25, 26 and 26a of Article III of the Constitution of Texas. The word "contiguous" as used in Section 26 of Article III of the Constitution of Texas means that a representative district composed of two or more counties may be formed if the boundaries (whether inundated or not) of the counties comprising the representative district touch one another so that all may be included in a common boundary line.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:hmc:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Glenn R. Brown
W. Ray Scruggs
Houghton Brownlee, Jr.
John Leonarz

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore